## THE STATE v. J. N. CONLEY, Appellant.

**Division Two, December 4, 1919.**

1. **INSTRUCTION:** Carrying Concealed Weapons. An instruction that "if you find from the evidence that the defendant had the pistol in the seat of his wagon, and so carried it, and did not have it concealed on or about his person, then you must find the defendant not guilty." is properly refused, for that it limits the jury's finding to a concealment "on or about his person." Under the statute (Sec. 4496, R. S. 1909) the pistol, though not actually on the person of accused, may be in such close proximity as to be within his easy reach and convenient control, and were such the fact the concealment would constitute the crime.

2. ———: **Refusal of Correct: Covered by Others.** It is not error to refuse a correct instruction if another given on the same subject contains a full and correct statement of the law applicable to the pertinent facts.

3. ———: **Carrying Concealed Weapons: Intent.** The defendant's intent to conceal the weapon may be inferred from direct testimony that it was concealed, and where there is such testimony an instruction as to his intent in carrying it is not required.

4. ———: ———: ———: **No Specific Intent Required by Statute.** The purpose of the statute was to prohibit the carrying of concealed weapons upon or about the person; and the rule is that, where the statute on which an indictment is based does not couple with the prohibited act any specific intent but makes the commission of the act itself the offense, it is not necessary that an instruction, otherwise fully embracing all the essential elements of the offense, should specifically mention the element of intent.

Appeal form Adair Circuit Court.—*Hon. James A. Cooley*, Judge.

AFFIRMED.

*S. N. Mills* for appellant.

(1) If the defendant did not have the pistol about his person, especially if he did not have it concealed, he could not be guilty as charged. Sec. 4496, R. S. 1909;

State v. Hale, 170 Mo. App. 143; 2 Whartons Criminal Law, sec. 1557; Bidentur v. State, 65 Ind. 411; Smith v. State, 69 Ind. 140. (2) The court erred in that he did not instruct on all the law of the case. The court failed to instruct on the question of the intent with which the pistol was carried. Intent is the gist of the crime, and there was no instruction on this point, and if the defendant did not intend to carry the revolver concealed he is not guilty, and the court should have so instructed the jury. State v. Murry, 39 Mo. App. 127; State v. Hale, 70 Mo. App. 143; 10 Cyc. 863, 864; State v. Carter, 259 Mo. 349. (3) The court erred in giving the State's instruction Number 2. This instruction is erroneous, in this that it tells the jury that if they find the revolving pistol was in the seat of defendant's wagon, and concealed from view it was a concealed weapon about his person, within the meaning of the law. 10 Cyc. 863; 8 Cyc. 543.

*Frank N. McAllister*, Attorney-General, and *Thos. J. Cole* for respondent.

(1) Appellant's instruction 2 was properly refused, because it assumes that if the defendant had the weapon concealed in the seat of his wagon it was not concealed on or about his person, although defendant was sitting in the wagon. Wagner v. State, 188 S. W. 1001; Mayfield v. State, 75 Tex. Cr. 103; DeFriend v. State, 69 Tex. Cr. 329; Kendall v. State, 118 Tenn. 156; Leonard v. State, 56 Tex. Cr. 84; Hill v. State, 50 Tex. Cr. 619; 40 Cyc. 856. (2) Appellant's sixth allegation in his motion for a new trial that the court failed to instruct the jury that they must find that defendant intended to conceal the weapon before they could find him guilty must be disallowed for the reason that appellant requested no such instruction, nor did he, at the time the instructions were given, save an exception to the failure of the court to instruct on all of the law of the case. State v. Cook, 207 S. W. 833; State v. Pfeifer, 267 Mo. 23; Sec. 5245, R. S. 1909.

WALKER, J.—Appellant was charged by informa-
tion in the Circuit Court of Adair County with carrying
concealed weapons in violation of Section 4496, Revised
Statutes 1909. Upon a trial he was convicted and sen-
tenced to pay a fine of one hundred dollars. From this
judgment he appeals.

Appellant was a huckster or vender of vegetables
in the City of Kirksville. While plying his vocation
he was approached in a threatening manner by one
Kephart. Appellant rose from the seat on the wagon
on which he had been sitting and drawing a pistol,
either from the seat or his pocket, he shot Kephart in
one of his legs.

The refusal of trial court to give instruction num-
bered 2 asked by appellant is assigned as error. This
instruction is as follows:

"The court instructs the jury that if you find and
believe from all the evidence that the defendant had the
revolving pistol in the seat of his wagon at the time in
question, and so carried it, and did not have the pistol
concealed on or about his person, then you must find
the defendant not guilty.'"

This instruction was properly refused because it
failed to hypothecate the fact as to. the appellant's
guilt if the evidence showed that the pistol was concealed
on the seat of the wagon and limits the jury's finding
to a concealment "on or about the person" of the appel-
lant. The words "on or about" as thus used are clearly
intended to be so limited by the instruction. This is
an incorrect statement of the law. Under the statute
(Sec. 4496, R. S. 1909) defining this offense, the con-
cealment, although not actually on the person, may be
in such close proximity to the accused as to be within
his easy reach and convenient control; and upon proof
of this fact the offense is made out. [State v. McManus,
89 N. C. 555.]

However, if the essential condition omitted from
this instruction appeared therein, no error can be

predicated upon its refusal because of. the giving of the following instruction, to-wit:

"The court instructs the jury that it is not necessary that the revolving pistol should be in the defendant's pocket of his clothing to constitute it a concealed weapon about his person. If you find and believe from the evidence beyond a reasonable doubt that the revolving pistol was in the pocket of the defendant's clothing and thereby concealed from view, or if you find and believe from the evidence beyond a reasonable doubt that the revolving pistol was not in the pocket of·defendant's clothing but was in the seat of his wagon and concealed from view so that it could not be seen, then in either case such weapon was a concealed weapon about his person within the meaning of the law."

This instruction correctly declares the law in that it contains all the essentials necessary for the jury's consideration in determining as to the guilt or innocence of appellant under the evidence. The refused instruction does not do. this but attempts by its terms to limit the words "on or about his person" to a concealment by the accused of the weapon in his wearing apparel. The. fact of concealment constituting the gravamen of the offense, a construction which would limit the law as contended by appellant would defeat its purpose and render convictions in cases ,of this character difficult if not impossible.

The rule announced in State v. Carter, 259 Mo. 349, that when there is a contested issue of fact as to the concealment of the weapon or as to the intention of the accused in concealing same, the question of appellant's intent should be submitted to the jury by a proper instruction. In the Carter case there was no affirmative evidence of concealment of the weapon and the circumstances tended to corroborate the claim of the accused that it did not exist. Such are not the facts here. There was direct testimony that the weapon was concealed. "This," says the learned judge who wrote the opinion in the Carter case (page 359), "where the

State's evidence shows that the weapon was concealed, is a sufficient prima-facie showing that the accused intended to conceal it, because from such proof it may well be inferred or presumed that he intended to do that which in fact he did do."

The legislative aim in the enactment of this statute was to prohibit the carrying of concealed weapons upon or about the person. In the face, therefore, of affirmative proof of this fact, an instruction as to intent is not required, not only for the reason stated in the Carter case, but under the more general rule that a presumption of intent is to be reasonably inferred from the commission of the act. Where it is shown that an act is forbidden by law the criminal intent is thereby consummated. [State v. Silva, 130 Mo. l. c. 463; King v. Philips, 6 East. 464.] In short, where the statute on which an indictment is predicted does not couple with the prohibited act any specific intent but makes the commission of the act itself the offense, as in the case at bar, then it is not necessary that an instruction covering the offense should specifically mention the element of intent, provided its terms are otherwise sufficient to include in a general way all the elements essential to the commission of the forbidden act. [State v. Pate, 268 Mo. l. c. 437; State v. Lentz, 184 Mo. l. c. 249; State v. Larew, 191 Mo. 1 c. 199.]

The evil sought to be corrected is a serious one and the courts owe it to the public, as was well said by REYNOLDS, J., in State v. Hovis, 135 Mo. App. l. c. 546, "to see that the object of the statutes is not frittered away by a narrow construction." We therefore hold that this contention of appellant is not well founded.

There was substantial evidence of the concealment of the weapon. The jury so found and it is not within our province to disturb this finding. [State v. Barton, 209 S. W. 888.]

In the absence of any prejudicial error the judgment of the trial court is affirmed. All concur; *Williams, J.,* in result.