## THE STATE v. ELVA DUGGINS, Appellant.

### Division Two, December 1, 1920.

**CARRYING CONCEALED WEAPONS: Insufficient Evidence.** The very gravamen of the charge of carrying concealed weapons is the concealment of the weapon; and if there is no evidence that defendant was carrying a pistol concealed on the star-lit night he and another were riding along a road and some shots were fired, even if the evidence is sufficient to support an inference that they were fired by them, a verdict of guilty cannot stand.

Appeal from Ozark Circuit Court.—*Hon. Fred Stewart, Judge.*

REVERSED.

*Moore, Barnett & Moore* for appellant.

*Frank W. McAllister,* Attorney-General, and *H. P. Ragland,* Assistant Attorney-General, for respondent.

(1) The verdict is sufficient. If finds the defendant guilty as charged in the indictment and assesses his punishment at a fine of $100. A general verdict finding the defendant guilty as charged in the indictment, when not duplicitous is good. State v. Jackson, 222 S. W. 748; State v. Richardson, 248 Mo. 575. (2) Assignment that the verdict is "against the evidence and the greater weight of the evidence" is too indefinite to obtain consideration by this court. State v. Oran Mann, 217 S. W. 69; State v. Jackson, 222 S. W. 748; Section 1841, R. S. 1909. (3) It is not necessary that the evidence conclusively show that the weapon was concealed about the person of the accused. State v. Conley, 217 S. W. 29. (4) While there is no direct evidence that the appellant was carrying the weapon concealed, yet there is sufficent circumstantial evidence to support the charge in

the indictment and the jury so found. The verdict of the jury should not be disturbed on appeal. State v. Toohey, 203 Mo. 678; State v. Arnett, 210 S. W. 83; State v. Underwood, 263 Mo. 677; State v. Jackson, 222 S. W. 748; State v. Barton, 209 S. W. 888.

WILLIAMS, J.—Upon an indictment charging him with the crime of carrying concealed weapons, defendant was tried in the Circuit Court of Ozark County, found guilty and his punishment was assessed at a fine of one hundred dollars. Defendant has duly perfected an appeal.

The evidence upon the part of the State was substantially as follows:

On the night of August 2, 1917, Sam Tannehill, in company with a lady, were returning home from a protracted meeting then being held in the vicinity of Dugginsville, Missouri. On the road they overtook two boys riding horseback. Mr. Tannehill testified that he could not swear positively who these two boys were, but to the best of his knowledge one of them was the appellant and the other was Mike Bond. It was a "starlight night." Appellant was riding on the left-hand side of the road and the other boy on the right-hand side. The witness started to drive around them and as he got even with them a pistol was fired twice. The two horseback riders then trotted on down the road ahead of the witness, and immediately thereafter witness heard three more shots, thirty or forty yards ahead. The witness thought that one of the boys fired these shots, but did not see which one it was. He also testified that he did not see any pistol and did not know of anyone having a pistol that night.

Mr. Copeland testified that he was on the road returning from church that night and heard two shots fired back of him along the road. He then heard the horses trot and after they had advanced thirty yards three more shots were fired. The witness could see the flash

from the pistol, and it looked as though the pistol was being fired by the man riding the horse on the left-hand side of the road. As the two riders passed him he was able to identify them for the first time. He states that appellant was riding on the left-hand side of the road, and Mike Bond was riding on the right-hand side. The witness states that he did not see a pistol in the hands of anyone and that he did not know whether one of the boys was carrying a pistol concealed or not.

Mike Bond testified that he was with the appellant on the night in question, that after church he and appellant were riding horse-back along the road, appellant riding on the left-hand side and the witness on the right-hand side. As the two were riding down the road the witness heard a pistol fired two or three times to the left of him and a little behind him. This witness did not see the pistol in the hand of the appellant, neither did he see the appellant's hands. After riding on a distance of about thirty or forty yards the witness heard more shots. At this time the shots were a little to the left of him and a little in front. When asked if appellant was a little in front of him at that time the witness said, "I don't think he was." But the witness did not see anybody immediately behind or in front of him except his companion. The witness testified he did not know whether the appellant had a weapon with him that night or not; that it was a dark night and that he did not see a pistol anywhere that night.

At the close of the State's evidence the defendant offered a demurrer to the evidence, which the court overruled. The defendant did not offer any evidence. Thereupon the case was submitted to the jury with the result as above indicated.

The only question presented by this appeal is whether the evidence is sufficient to support the verdict. It will be noticed from the foregoing statement of facts that there is no evidence tending to show that the appellant on the night in question was carrying the pistol concealed. The conceal-

Insufficient Evidence.

ment of the weapon is the very gravamen of the offense. As one of the witnesses stated it, "he might and he might not have carried the weapon concealed" and that in fact is the strength of all the evidence. It amounts to nothing more than a showing that appellant had an opportunity to carry the weapon concealed. Whether or not he did carry the weapon concealed is left to mere conjecture, and the finding of the jury that he did carry the pistol concealed has no evidentiary basis. Under such circumstances the verdict cannot stand. The demurrer should have been sustained. It therefore follows that the judgment should be reversed and the defendant discharged.

It is so ordered. All concur.