# CHARLESTON.

STATE *v.* JOSEPH BLAZOVITCH.

Submitted April 26, 1921.    Decided May 3, 1921.

1. WEAPONS—*Unlicensed Carriage of Pistol or Revolver in Grip, Satchel, or Handbag Held to Violate Statute.*

   Unlicensed carriage of a pistol or revolver in a grip, satchel or hand-bag held in the hand or connected with the person, constitutes an offense under sec. 7 of ch. 148 of the Code, unless it is done in such manner and under such circumstances as render it lawful by virtue of an exception or proviso found in said statute.  (p. 613).

2. SAME—*Statute Forbidding Carriage of Weapons "About His Person" Held Broad Enough to Include Carriage in Grip, Satchel or Handbag.*

   Under the rule of strict construction, applicable upon an inquiry as to the meaning of that statute, it being highly penal, such carriage falls within both its spirit and letter.  The phrase, "about his person," used therein, is broad enough to include such carriage.  (p. 613).

3. STATUTES—*Rule of Strict Construction Does not Require Limitation of Legislative Terms to Narrowest Meaning.*

   The rule of strict construction does not require limitation of legislative terms to their narrowest meaning, nor to any particular meaning.  They are allowed such scope as is clearly indicated by the legislative purpose revealed by the statute in which they are found.  (p. 613).

Error to Circuit Court, McDowell County.

Joseph Blazovitch was convicted of carrying arms without a license, and he brings error.

*Affirmed.*

*Joseph M. Crockett,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

POFFENBARGER, JUDGE:

This writ of error involves a single purely legal question, one of interpretation of the basic provision of sec. 7 of ch. 148 of the Code, making it unlawful to carry deadly weapons and reading as follows: "If any person without a state license therefor, carry about his person any revolver or other pistol, dirk, bowie knife, slung shot, razor, billy, metallic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor" etc.

A jury having been waived, the trial court found the accused guilty and imposed a fine and imprisonment upon him by its judgment, upon the following agreed state of facts: On his journey from Columbus, Ohio, to Gary, McDowell County, W. Va., by rail, he was arrested at Welch, W. Va., after he had alighted from a train and while carrying two "grips," one of which, on a search thereof by the officers, was found to contain some clothing and a thirty-eight caliber pistol, fully loaded with cartridges. Several additional cartridges were found in one of his pockets. At the time of his arrest, he was carrying the grip containing the clothing and pistol, in his hand.

To undertake to reconcile the conflict in the decisions in which similar statutes have been interpreted, in the application thereof to facts substantially like and similar to those disclosed here, would be a hopeless task. That the rule of strict construction applies is obvious, since the statute is highly penal. Under that rule, the meaning and scope of a statute falling within it, depend upon its spirit and letter It embraces only what comes within both. It does not apply to a thing within its spirit and not within its letter. *Bank* v. *Thomas,* 75 W. Va. 321; *Harrison* v. *Leach,* 4 W. Va. 383; *Davis* v. *Com.,* 17 Gratt. 617. Nor does it apply to what is within its letter and not within its spirit or purpose. *Coal and Coke Ry. Co.* v. *Conley and Avis,* 67 W. Va. 129, 162;

*Brown* v. *Gates,* 15 W. Va. 131; *United States* v. *Kirby,* 7 Wall. (U. S.) 482; *Reniger* v. *Spogassa,* Plow. 13.

Under the operation of that rule of construction, a person who had carried in his hand a pair of saddle-bags containing a pistol encased in its scabbard and concealed from view by its lids or flaps was held not to have committed an offense, under the Virginia statute which differs from ours only in this, that it adds the element of concealment.     *Sutherland* v. *Com.,* 109 Va. 834.     There is a like holding, upon a similar state of facts, in *Cunningham* v. *State,* 76 Ala. 88.     In the latter case, the accused had a pistol concealed in saddle-bags carried on a horse while riding along a public road. The decisions seem to be in conflict as to whether such a statute is violated by the carrying of a pistol concealed in a vehicle in which its owner is riding.     Cases holding that it is not are *Hardy* v. *State,* (Tex.) 40 S. W. 299; *Thompson* v. *State,* (Tex.) 86 S. W. 1033; *Cather* v. *State,* (Tex.) 5 S. W. 137; *Maxwell* v. *State,* 38 Tex. 130; and *George* v. *State,* (Tex.) 29 S. W. 386.     There is a like holding under the Alabama statute in *Ladd* v. *State,* 9 So. 401.     Cases holding that it is are *Garrett* v. *State,* (Tex.) 25 S. W. 285; *Leonard* v. *State,* (Tex.) 119 S. W. 98; *Mayfield* v. *State,* (Tex.) 170 S. W. 308; *Friend* v. *State,* (Tex.) 153 S. W. 881; *Hill* v. *State,* (Tex.) 100 S. W. 384; *Wagner* v. *State,* (Tex.) 188 S. W. 1001; and   *Kendall* v. *State* (Tenn.) 11 Ann. Cas. 1104.

The manifest purpose of the statute is prevention of the carrying of deadly weapons, to the end that the temptation and power to employ them in assaults upon human beings, prompted by anger or evil design,   may be thwarted, and citizens freed from the terror the brandishment thereof inspires and their lives and limbs preserved.     Prevention of injury by careless or negligent use of pistols, or accidental discharge thereof, is within the plain purpose of the statute. Inhibition of such carriage of deadly weapons as makes resort to them easy and ready is clearly within its purpose or spirit.     A weapon carried in a satchel, valise, handbag, basket or saddle-bags cannot be resorted to as conveniently

or quickly as one carried in a pocket or belt, but the ease and readiness with which it may be seized for use are apparent. To hold that the legislative purpose is limited to prevention of the use of such weapons, only in the case of a quarrel or combat, would give the 'statute a narrowness of scope and operation not indicated by any of its terms.    The generality of its terms impliedly forbids such restriction.    It is no respector of persons.    All citizens, except peace officers, are within its terms, women as well as men, peaceable persons as well as quarrelsome, the honest   man as well as the thief, burglar, robber and murderer. Restraint of all evil wrought by the use of deadly weapons is clearly within its purpose. Prevention of stealthy robbery, and murder effected by such means is as much within its scope as unlawful injury or homicide wrought in heat of blood, or inflicted by negligence or accident.

To come within the letter or terms of the statute, however, the act must amount to a carrying of such weapon about the person of the accused.    It need not be on his person within the strict meaning of these words.    If carried in a container of some kind held in the hand of the accused, it is manifestly about his person, though it may not be on his person.    The rule of strict construction does not require limitation of the legislative terms to their narrowest meaning, nor to any particular meaning.    They are given such scope as will make them effectuate the plain purpose of the legislature, and such purpose must be considered and allowed to operate in the ascertainment of the meaning of the words.    *United States* v.*Hartwell,* 6 Wall. (U. S.) 385, 395; *United States* v. *Winn.* 3 Sumn. (U. S.) 209.    Read in connection with the manifest legislative purpose of the statute, the phrase, "about his person," includes such carriage as is disclosed here. The phrase, "concealed about his person," has been so construed in other jurisdictions.    *Livesey* v. *Helbig,* (N. J.) 94 Atl. 47; *Warren* v. *State,* 94 Ala. 79.

Upon this interpretation of the statute, the finding  and judgment complained of are clearly right and will be affirmed.                                          *Affirmed.*