Lewallen  v.  State.

F. L. LEWALLEN *v.* THE STATE.*

(*Knoxville.,* September Term, 1923.)

1. **WEAPONS.** Taking and presenting pistol held to sustain conviction for carrying.

Where defendant, when caught operating a still, reached over a nearby log, secured a pistol, and presented it in a threatening manner, *held*, that there was a sufficient carrying of a pistol for the purpose of being armed to sustain a conviction. (*Post. p.* 327.)

Case cited and approved:   Page v. State, 50 Tenn., 199.

2. **WEAPONS.** Instruction that ownership of pistol had nothing to do with guilt in carrying it held proper.

In a prosecution for unlawfully carrying a pistol, an instruction that the ownership of the pistol had nothing to do with defendant's guilt *held* proper. (*Post, p.* 327.)

FROM CAMPBELL.

Error to the Circuit Court of Campbell County.—HON. XEN HICKS, Judge.

H. B. BROWN, for F. L. Lewallen.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

*As to what manner of carrying of weapon violates statute against carrying concealed weapons, see note in 23 L. R. A. (N. S.), 173.

Lewallen v. State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This was a conviction under an indictment for unlawfully carrying a pistol. It appears that an officer came upon the defendant while operating a still, and the defendant reached over to a nearby log and secured a pistol and presented it in a threatening manner to the officer. This was a carrying of a pistol for the purpose of being armed and brings the case within the statute. *Page* v. *State,* 3 Heisk., 199, note.

It is assigned as error that the judge in his charge instructed the jury that the ownership of the pistol had nothing to do with the question of the defendant's guilt. There was no error in this instruction, as the question of ownership has no bearing.

The judgment below is affirmed.