Allen, J.
 

 This indictment was returned under Section 12819, General Code, which reads in its material portions as follows:
 

 “Whoever carries a pistol, bowie knife, dirk, or other dangerous weapon concealed on or about his person shall be fined not to exceed five hundred dollars, or imprisoned in the county jail or workhouse not less than thirty days nor more than six months, or imprisoned in the penitentiary not less than one year nor more than three years.”
 

 With this section we must also read Section 13693, General Code, which provides:
 

 
 *282
 
 “Upon the trial of an indictment for carrying a concealed weapon, the jury shall acquit the defendant if it appear that he was at the time engaged in a lawful business, calling or employment, and that the circumstances, in which he was placed, justified a prudent man in carrying such weapon for the defense of his person, property or family.”
 

 The facts shown by the record are as follows:
 

 Porello was arrested on November 12, 1927, at approximately 3 o’clock a. m., near the corner of East Fifty-Fifth street and Woodland avenue, Cleveland. When first seen by the officers, he was coming out of a restaurant, accompanied by two other men. He was approaching an automobile parked on the east side of East Fifty-Fifth street near Woodland avenue. The officers searched Porello, and found no weapon. The automobile was then searched, and a .32-caliber loaded revolver was found in the pocket of the left front door, next to the driver’s seat. Porello was then placed under arrest upon a charge of carrying concealed weapons.
 

 At the trial, Porello did not take the stand. The officers testified that Porello said the car was his ear, and this was conceded by counsel for the defendant. The court then asked counsel for the defendant :
 

 “Do you admit that he was driving it?
 

 “Counsel for defendant: It wasn’t being driven. It was parked out there.
 

 “The Court: That is not my question. Do you admit that he drove it there ?
 

 “Counsel for defendant: Yes, we admit that he had driven the car.”
 

 Plaintiff in error made a motion before the trial
 
 *283
 
 of tíie case in the court below for the return of the revolver and its suppression as evidence. At the trial at the close of the testimony for the state, plaintiff in error made a motion for a directed verdict of not guilty, which motion he renewed at the close of all the testimony. All of these motions were denied by the trial court.
 

 Plaintiff in error claims that the court erred in overruling his motion, made before the trial of the case in the court below, for the return of the revolver or its suppression as evidence; that the court erred in overruling his motion for a directed verdict of not guilty at the close of the testimony for the prosecution, and again at the close of all the evidence ; and that the verdict is against the weight of the evidence on two propositions: (1) That the plaintiff in error was guilty of the crime of carrying a concealed weapon; and (2) that there was no justification for carrying the weapon. Plaintiff in error also claims that the court erred in its charge to the jury.
 

 This court will not consider the claim that the verdict is against the weight of the evidence, for the record discloses testimony to support the verdict. Proceeding to consider the legal question which the case presents, we inquire whether such a carrying of weapons as was shown under the facts of this case constituted a carrying on or about the person, within the purview of the statute.
 

 Did the court err in overruling the motion made before the trial of the case for the return of the revolver or its suppression in evidence?
 

 Plaintiff in error concedes that, if the article in
 
 *284
 
 question was possessed illegally, his motion should have been overruled, but he claims that the arrest and search were illegal, being made without warrant, that the property was not contraband, and that therefore his motion should have been sustained.
 

 We are unable to coincide with this view. While there was nothing in Porello’s action in coming out of the restaurant to indicate that he was engaged in any illegal enterprise, an arrest made without warrant, even though the officer has no previous personal knowledge of the fact that the person arrested is committing a felony, is not unjustifie'd. This was held in the case of
 
 Ballard
 
 v.
 
 State,
 
 43 Ohio St., 340, 1 N. E., 76, which decided, in paragraph 2 of the syllabus, that “a marshal of a municipal corporation is authorized, without warrant, to arrest a person found on the public streets of the corporation carrying concealed weapons contrary to law, although he has no previous personal knowledge of the fact, if he acts
 
 bona fide,
 
 and upon such information as induces an honest belief that the person arrested is in the act of violating the law. ’ ’
 

 The same doctrine was laid down in
 
 Houck
 
 v.
 
 State,
 
 106 Ohio St., 195, 140 N. E., 112. In that case, as in this, there was not only an arrest involved, but also a search without warrant of an automobile. The second paragraph of the syllabus reads as follows:
 

 “A search of an automobile by an officer and a seizure by him of intoxicating liquors then being possessed and transported in violation of law, without a search warrant, is authorized though the officer has no previous knowledge of such violation, provided he acts in good faith and upon such informa
 
 *285
 
 tion as induces the honest belief that the person in charge of the automobile is in the act of violating the law.”
 

 This is not a case involving the search of a dwelling house. Here we have a search made of a person and of an automobile, under circumstances in which the police officers acted
 
 bona fide
 
 and upon information which induced in them an honest belief that the person arrested was in the act of violating the law. Paralysis of the police system would result if duly authorized officers were compelled minutely to verify their suspicions prior to acting upon honest belief in search and arrest under such circumstances. While there is some conflict in the authorities upon the question of returning evidence secured by a search without the issue of a warrant, the courts of twenty-eight states, including Ohio, hold that such evidence is admissible. 52 A. L. R., 478. The other states favoring admissibility are Alabama, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, South Carolina, South Dakota, Utah, Vermont and Virginia.
 

 Hence we overrule the first contention of the plaintiff in error.
 

 Did the court err in overruling the motion of plaintiff in error for a directed verdict made at the close of the testimony on behalf of the state and at the close of the entire case? This inquiry raises the question as to the meaning of the phrase “on or about his person” found in the statute. The re
 
 *286
 
 volver was Porello’s. It is conceded that the revolver was not found upon Porello’s person. It was found in the left-hand pocket of the door of the sedan car, admitted by Porello to be his, immediately adjacent to the driver’s seat. Counsel for Porello, although Porello himself did not take the stand, admitted at the trial that Porello had driven the car to that point; hence there was uncontradicted testimony in the record to the effect that the revolver had been in the pocket of the door nearest Porello as he was driving. Does this constitute the carrying of a concealed weapon “on or about his person”? Upon this point also there is conflict; it being held in certain states of the United States, such as Louisiana, South Carolina and Georgia, that a similar carrying, as under the seat of a buggy, in the door of an automobile, in a satchel in the immediate possession of the owner of the revolver, does not constitute an illegal carrying of a concealed weapon under the statute.
 

 In
 
 People
 
 v. Niemoth, 322 Ill., 51, 152 N. E., 537, it was held that the defendant was not guilty of carrying concealed weapons about his person where the revolver was found on the floor of the car, back of .he front seat, and the defendant was found sitting in the front seat. This case is distinguishable from the instant record upon the facts.
 

 However, in the
 
 Niemoth case
 
 the syllabus states the general principle that the words “about his person” mean sufficiently close to the person to be readily accessible for immediate use.
 

 A large number of other adjudications are to be found holding that the words “about the person” mean in such proximity to the person as to be con
 
 *287
 
 venient of access and within reach, and that the weapon need not actually be carried on the person, to justify conviction, under statutes of this nature.
 

 In
 
 Brown
 
 v.
 
 United States,
 
 30 F. (2d), 474, the officer removed a pistol in a scabbard from under the seat of the automobile. This was held to be a concealment about the person.
 

 In
 
 State
 
 v.
 
 Mulconry
 
 (Mo. Sup.), 270 S. W., 375, an instruction that it was not necessary that the revolver be in the accused’s pocket to be a concealed weapon, but that it was sufficient if it was concealed behind his body on the seat of the automobile, if it was within the accused’s convenient reach, but if it were in plain view it was not concealed, was held to be correct.
 

 In
 
 State
 
 v.
 
 Renard
 
 (Mo. Sup.), 273 S. W., 1058, the loaded revolver was found on the floor of the car at the defendant’s feet. This was held to be a carrying about the person.
 

 To the same effect is
 
 State
 
 v.
 
 Conley,
 
 280 Mo., 21, 217 S. W., 29.
 

 In
 
 State
 
 v.
 
 Blazovitch,
 
 88 W. Va., 612, 107 S. E., 291, it was held that the carrying of a pistol in a grip, satchel, or hand bag held in the hand or connected with the person constitutes an offense under the statute; it being decided that the words ‘ ‘ about his person” did not mean strictly on the person, but are broad enough to include a receptacle moving with the person.
 

 In
 
 Wagner
 
 v.
 
 State,
 
 80 Tex. Cr. R., 66, 188 S. W., 1001, where the pistol was pushed down behind the front cushion of a jitney driver’s automobile, on which cushion the driver sat to drive the car, it was held that the revolver was carried about the
 
 *288
 
 person within the meaning of the statute forbidding such carrying.
 

 In
 
 Lewallen
 
 v.
 
 State,
 
 148 Tenn., 326, 255 S. W., 373, where the defendant, when caught operating a still, reached over a nearby log and secured a pistol, it was held that that was a sufficient carrying of a pistol, for the purpose of being armed, to sustain a conviction.
 

 It has been held in decisions of lower courts of this state that, while the word “on,” in our statute prohibiting the carrying of concealed weapons on or about the person, means connected with or attached to, the word “about” means nearby, or within reach of the person, and hence that a revolver hidden in the door of an automobile driven by the accused is concealed about the accused’s person; but this question has not before been squarely decided by this court.
 

 The statute defining robbery constitutes it an element of the offense that the thing of value stolen and taken by force or violence, or by putting in fear, shall be stolen and taken “from the person of another.” Under this provision it is not necessary to show that the property taken was actually severed from the person of the prosecuting witness. It is enough if the property was in his presence and under his immediate control.
 
 Turner
 
 v.
 
 State,
 
 1 Ohio St., 422;
 
 Mitchell
 
 v.
 
 State,
 
 42 Ohio St., 383.
 

 If “from the person” in the robbery statute means that the property was taken either actually from the person, or from the presence or immediate control of the prosecuting witness, then surely the words “concealed on or about his person,” in Section 12819, General Code, by analogy should mean
 
 *289
 
 concealed in such proximity to the person as to be convenient of access and within immediate, physical reach.
 

 If this record showed no testimony connecting this accused with the revolver, and placing him in such proximity thereto that he is shown to have had, on or about the date charged in the indictment, immediate physical possession and control of the weapon, in other words, that it was so close and convenient of access as to be literally within the words of the statute, “about,” that is, nearby, “his person,” we should agree with the plaintiff in error that the case should be reversed; but the record shows that the revolver belonged to the defendant, and that the car was his car, and that he himself had been driving the automobile, sitting in the seat nearest the pocket of the door in which the revolver lay hidden. We therefore conclude that the state established a case of carrying concealed weapons on or about the person, as charged in the indictment, and that the court did not err in overruling the motion of plaintiff in error for a directed verdict.
 

 It is also contended that the court erred in its charge to the jury. The first portion of the charge complained of we do not further consider, for the reason that our holding upon the point just disposed of also disposes of this complaint as to the charge. The court charged that, if the defendant was in the automobile at the time the revolver was in the left-hand door of the automobile, the revolver was about the defendant’s person. This charge could be improved, and shoiúd be more definitely framed for a case presenting different facts. If the pistol had not belonged to the defendant, and if he
 
 *290
 
 had not been sitting in its immediate proximity, a different legal problem would have been presented; but, under the facts as shown by the record, this charge could not have been prejudicial.
 

 The court further charged that the burden of proof was upon the defendant to show that he was engaging in a lawful business, and that, if he was engaging in the business of bootlegging, as it is commonly termed, that is, of selling liquor, he was not engaged in a lawful business. "We find no error in this charge. The burden resting upon the state to prove every material allegation of the indictment never shifts. However, when the defendant seeks to justify himself for the unlawful carrying of a concealed weapon on or about his person, under Section 13693, General Code, he raises an affirmative defense which places upon him the burden of establishing the facts set forth to justify his carrying the weapon.
 

 It is claimed further by plaintiff in error that he is denied his constitutional right by virtue of this judgment of conviction, claiming that Sections 4,10, and 14 of Article I of the Constitution of Ohio have been infringed by his trial and conviction. The first of these sections gives the people the right to bear arms for their defense and security. In view of Section 13693 which makes ample provision for the necessities of genuine self-defense, we see little soundness in this contention.
 

 The second section above cited provides that no person shall be compelled in a criminal case to be a witness against himself. Porello was not compelled in this case to be a witness against himself, and did not as a matter of fact take the stand. The arrest
 
 *291
 
 and search of the automobile were not illegal, and hence the revolver was rightly held in evidence. We therefore overrule this contention.
 

 The third section above cited relates to the security of the people in their persons, homes, papers, and possessions against unreasonable searches and seizures. In view of the facts presented by the entire record, we cannot consider this search and seizure unreasonable, and hence we hold that the section does not apply.
 

 As said by Spear, J., in the case of
 
 State
 
 v.
 
 Hogan,
 
 63 Ohio St., 202, at page 218, 58 N. E., 572, 575 (52 L. R. A.,, 863, 81 Am. St. Rep., 626):
 

 “The constitutional right to bear arms is intended to guarantee to the people in support of just government such right and to afford the citizen means for defense of self and property. While this secures to him a right of which he cannot be deprived, it enjoins a duty in execution of which that right is to be exercised. If he employs those arms which he ought to wield for the safety and protection of his country, his person and his property, to the annoyance and terror and danger of its citizens, his acts find no vindication in the bill of rights. That guarantee was never intended as a warrant for vicious persons to carry weapons with which to terrorize others. Going armed with unusual and dangerous weapons to the terror of the people is an offense at common law. A man may carry a gun for any lawful purpose, for business or amusement, but he cannot go about with that or any other dangerous weapon to terrify and alarm a peaceful people. ’ ’
 

 
 *292
 
 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Matthias and Day, JJ., concur.