**STATE of Missouri, Respondent,**

v.

**Bert HOLBERT, Appellant.**

No. 52240.

Supreme Court of Missouri, Division No. 2.

Oct. 9, 1967.

Motion for Rehearing or for Transfer to Court En Banc Denied Nov. 13, 1967.

**352**

See also, Mo., 416 S.W.2d 129.

Norman H. Anderson, Atty. Gen., Jefferson City, Don Anton, Special Asst. Atty. Gen., St. Louis, for respondent.

Arthur Litz, St. Louis, for appellant.

PRITCHARD, Commissioner.

The determinative issue on this appeal is whether the state adduced sufficient evidence to justify a finding by the court of guilt of the charge against defendant: carrying a concealed weapon in violation of § 564.610, RSMo 1959, V.A.M.S., i. e., "upon or about" his person.

It was stipulated that the testimony of the state's witness, Officer John Reinhardt, given on a pre-trial motion to suppress evidence (on the ground of an illegal seizure of the weapon involved) would be accepted as a part of the state's case of carrying a concealed weapon. Officer Reinhardt, a member of the St. Louis Police Department, found that defendant's automobile had run into the back of a stopped vehicle at the corner of Goodfellow and Natural Bridge in St. Louis. He arrived about 8:30 p. m. and first interrogated the other driver for about twenty minutes. Defendant seemed to be under the influence of alcohol or some other intoxicant or possibly drugs, determined by Reinhardt by defendant's actions, incoherent speech and need of assistance from his automobile. At the time defendant was removed from behind the wheel of the automobile, Officer Reinhardt heard something fall to the floor of the car. When he got defendant out on the street in such position that he would not fall, the officer turned to look as to what fell and saw an automatic pistol lying on the floor right under where defendant's feet would have been. Another like pistol (an automatic) and a large sum of currency and checks from defendant's business were later found in the back seat in or near a valise which had been forced open by the impact of the collision. Immediately after he turned around Reinhardt went into defendant's car and recovered the gun and put it in his pocket.

On cross-examination, Officer Reinhardt testified that when he went to the scene he first saw defendant sitting behind the wheel slumped over with his head down on the steering wheel.

Defendant testified that he did not have a pistol that night, didn't place one in the car, and did not own one of similar type— he had never seen the gun before trial. On redirect examination, Officer Reinhardt

testified that he questioned defendant about the gun and he stated that he had bought the two pistols from a man by the name of Manning in East St. Louis.

The state, contending that the foregoing state of facts shows concealment (which facts must be viewed in the light most favorable to the state), quotes, " 'Under the statute defining this offense, the concealment, although not actually on the person, may be in such close proximity to the accused as to be within his easy reach and convenient control,'" State v. Conley, 280 Mo. 21, 217 S.W. 29 [2], and says, "it seems that the only possible conclusion is that the appellant had a concealed weapon about his person." Contrarily, defendant contends that there was no evidence as to where the gun was prior to the time Officer Reinhardt heard a noise and then saw the pistol on the floor of the car where defendant's feet would have been.

In the Conley case, supra, the appellant "rose from the seat of the wagon on which he had been sitting, and, drawing a pistol either from the seat or his pocket, he shot Conley in one of his legs." The court held that appellant's offered instruction, that if the jury found he had the pistol on the seat of his wagon and did not have it concealed on or about his person then it must find him not guilty, was properly refused. The reason assigned was that the instruction failed to hypothesize the fact as to appellant's guilt if the evidence showed that the pistol was concealed on the seat of the wagon, and limited the finding to a "concealment 'on or about his person.'" It was further held that a proper instruction was given which told the jury that the weapon was a concealed one within the meaning of the law if it was in the pocket of defendant's clothing and concealed from view or was in the seat of his wagon concealed from view. 217 S.W. 29, 30. There was direct evidence that the weapon was concealed. So also in the cited case of State v. Mulconry, Mo., 270 S.W. 375, where the evidence showed that as the

defendant raised up to get out of the car, as ordered by the detectives, a gun was on his righthand side against the cushion. As he stepped out it fell upon the seat. It could not be seen until defendant got up to get out of the car.

Defendant's contention, upon the facts of this record, must be sustained. There was no evidence that the automatic pistol was concealed on his person or about his person (so as "not to be discernible by ordinary observation," State v. Bordeaux, Mo., 337 S.W.2d 47, 49) prior to the time Officer Reinhardt saw it in plain view upon the floor of the car. Thus the relied-upon cases of State v. Conley, supra, and State v. Mulconry, supra, are distinguishable. More in point is the recent case of State v. Tate, Mo., 416 S.W.2d 103, where the judgment of conviction for carrying a concealed weapon was reversed where the facts failed to show where the gun was after defendant fired it a second time and before he threw it in the gutter. The officer did not see the gun at any time until he found it in the gutter. It was held, citing State v. Duggins, 284 Mo. 633, 225 S.W. 987, 988, that the evidence amounted to nothing more than a showing that appellant had an opportunity to carry a concealed weapon, and whether he did so was left to mere conjecture, and the finding was without evidentiary basis. 416 S.W.2d 105. There was no evidence here as to the location of the automatic pistol on or about defendant Holbert's person so as not to be discernible by Officer Reinhardt who came near to defendant in removing him from the car.

The judgment is reversed and defendant is ordered discharged.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.