**STATE of Missouri, Respondent,**

v.

**William Silas WOOLBRIGHT, Appellant.**

**No. 56335.**

Supreme Court of Missouri,
Division No. 1.

June 11, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Walter L. Brady, St. Louis, for appellant.

HIGGINS, Commissioner.

William Silas Woolbright, with prior felony conviction of tampering with a motor vehicle, was convicted by a jury of carrying a concealed weapon, and the court assessed his punishment at four years' imprisonment. Sentence and judgment were rendered accordingly. §§ 556.280, 560.175, 564.610, V.A.M.S.

Appellant's sole contention is that the evidence "failed to establish that the defendant had a gun concealed about his person in that the only testimony * * * which positively established the existence of a pistol on or about Woolbright's person was that he did have a gun inside a dwelling house where the arrest was made." The only testimony that the gun was in defendant's possession "was that the officer saw an object which could have been a gun, and there is therefore no positive evidence * * * to make a submissible case." In argument, he reiterates those assertions and states further that "the testimony merely establishes that appellant might have had a weapon concealed on or about his person outside the Blair Avenue address. Whether or not he did is left to conjecture without basis in evidence."

On May 30, 1970, Patrolman Steve Smothers of the St. Louis Metropolitan Police Department was riding in a police car with Patrolman Robert Byrd driving. At about 3:40 a. m., in the 2200 block of Blair in St. Louis, he observed defendant, dressed in shirt and trousers, leaving a car parked at the curb. Defendant had been seated in the rear of the car behind the driver. He left from the right-hand side

"and as he got out of the automobile we observed what appeared to be \* \* \* a hand gun." He saw an "object," "looked like the barrel sticking out." The object was in his right hand. "He placed the object in his waistband of his trousers on the left side and pulled his shirt over it." When defendant observed the officers he ran across the street to a residence at 2203 Blair. As he ran in front of the officers the object was not visible. Patrolman Smothers pursued defendant into the house. Inside the house defendant "turned sideways, and when he come back around his hand was in front of him, and as he turned sideways he had this revolver in his hand." The officer then took a .22 caliber H and R revolver from defendant's hand, and arrested him for carrying a concealed weapon.

Patrolman Byrd, driver of the police car, also saw defendant at the time and place in issue. He observed defendant as he left the car in which he was riding and saw "what appeared to be a handgun. \* \* \* He was holding it in his right hand \* \* \* like a fist indicating as if he had it by the handle of the weapon, and you could see the barrel protruding. \* \* \* He took this hand gun and placed it into the waistband of his trousers. \* \* \* He pulled his shirt down over it and then you could see no portion of it." When defendant observed the officers he started running, and Officer Smothers gave chase. Officer Byrd stayed with the car.

Two of defendant's companions testified that they had been in defendant's company since 9 p. m., and had not seen a weapon in his possession.

A jury reasonably could find from this evidence that two police officers saw defendant place a gun in the waistband of his trousers and conceal it with his shirt, and it was thus sufficient to sustain the ultimate finding that a weapon was carried "concealed \* \* \* about \* \* \* [the] person" of defendant within the meaning of Section 564.610, supra. State v. Tillman, 454 S.W.2d 923, 925 (Mo. 1970); State v. Conley, 280 Mo. 21, 217 S. W. 29 (1919); State v. Bordeaux, 337 S. W.2d 47, 49 (Mo.1960); State v. Crone, 399 S.W.2d 19, 21 (Mo.1966).

This case is distinguishable from State v. Holbert, 420 S.W.2d 351 (Mo.1967), cited by appellant, where there was no evidence to show that a pistol found in plain view on the floor of defendant's car was in his possession prior to its discovery. So also is State v. Tate, 416 S.W.2d 103 (Mo. 1967), where defendant was never seen in possession of a gun fired in the night and later discovered in a gutter, and State v. Duggins, 284 Mo. 633, 225 S.W. 987 (1920), where there was no evidence that the weapon had been concealed and it was pure speculation that defendant had opportunity to conceal it.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.