DECISION.
{¶ 1} Except in well-supervised situations, juveniles should not have guns. Drunk people should not have guns. And surely drunk juveniles should not have guns. But the law must be applied as written, and the drunk juvenile here was not guilty of the specific crime he was charged with.
 {¶ 2} In April 2005, the Hamilton County Juvenile Court adjudicated defendant-appellant Joseph Terry delinquent for carrying a concealed weapon. Terry challenges the juvenile court's decision finding that the weapon was concealed when (1) the weapon was fastened to the outside of his clothing, and (2) it was readily discernable, and in plain view, once a flashlight illuminated Terry's room. Because darkness alone is insufficient to meet the statutory requirement that the weapon be concealed, we reverse and discharge Terry from further prosecution.
 I. Terry — Caught With His Pants Down {¶ 3} On the evening of March 17, 2005, sixteen-year-old Joseph Terry returned to the home of his mother, Linda Hollandsworth, after what had been, presumably, a night of excessive drinking and smoking marijuana. On the way down to his basement room, Terry yelled at Hollandsworth who, at the time, had been showering. After her shower, Hollandsworth entered Terry's room and found him passed out face-first on his bed. After failing to rouse Terry out of his chemically induced slumber, Hollandsworth called 911.
 {¶ 4} Officer Todd Ploehs responded, and on his arrival Hollandsworth ushered Ploehs to the basement. At the time, Terry's bedroom light was inoperable. The sole source of radiance emanated from a light bulb in a nearby laundry room. After navigating his way through the dimly lit basement, Ploehs found Terry with the upper half of his body on the bed. Terry's feet and knees were on the floor — his pants around his ankles. Because the room was dark, Officer Ploehs used his flashlight to investigate further. As the flashlight beam centered on Terry's disheveled body, Ploehs saw a gun encased in a homemade holster. The holster had been attached to the outside of Terry's belt with safety pins. Because Terry's pants were around his ankles, the weapon was unobstructed by Terry's clothes and was easily identified by Ploehs.
 {¶ 5} Terry's appeal assets that there was insufficient evidence for the juvenile court to adjudicate him delinquent for carrying a concealed weapon, when the weapon was fastened to the outside of his clothing and was readily identifiable once Ploehs used his flashlight to illuminate Terry's room.
 {¶ 6} A challenge to the sufficiency of the evidence attacks the adequacy of the evidence presented. Whether the evidence is legally sufficient to sustain a conviction is a question of law.[1] The relevant inquiry in a claim of insufficiency is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proved beyond a reasonable doubt.[2]
 II. A Concealed Weapon in Plain View? {¶ 7} Absent special circumstances (such as a permit), none of which are relevant here, in Ohio it is against the law to carry a concealed weapon. The Ohio Revised Code reads that "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand," any deadly weapon or dangerous ordnance.[3]
 {¶ 8} A weapon is concealed if it is "so situated as not to be discernible by ordinary observation by those near enough to see it if it were not concealed."[4] Under the statute, concealment, rather than ownership, is the relevant inquiry.[5]
 {¶ 9} The evidence presented to the juvenile court showed that the weapon was not in Terry's pocket, under his shirt, or otherwise obstructed by his clothing. Likewise, the weapon had not been covered by Terry's body or hidden by other objects. Rather the weapon was found on the outside of Terry's clothing.
 {¶ 10} The state argued that the gun could not be seen because it was dark in Terry's bedroom. But other courts have observed that darkness alone does render a weapon concealed: "Evidence of darkness alone, without any other evidence of concealment or partial concealment which would render a weapon not discernible as a weapon by ordinary observation, will not render a weapon `concealed' within the contemplation of [the statute prohibiting carrying a concealed weapon]."[6] That is, something that is in plain view does not disappear with the flip of a light switch.
 {¶ 11} Officer Ploehs testified that as soon he used his flashlight to examine Terry's room, he "immediately" saw the gun in the holster, and that it was in "plain view." Ironically, Terry picked the most opportune time to be caught with his pants down. Had Terry been standing, the weapon might have been obstructed by his clothing.
 {¶ 12} We hold, viewing the evidence in a light most favorable to the state, that no rational factfinder could have found that the essential element of concealment had been proved beyond a reasonable doubt. The state failed to present evidence that the weapon was concealed or partially concealed so as to make it indiscernible as a weapon by ordinary observation — darkness alone was not enough. As Ploehs testified, the weapon was immediately identifiable and in plain view once he shined his light. On these facts, a shroud of darkness alone did not make an immediately identifiable weapon, which was in plain view, concealed for purposes of the statute.
 {¶ 13} Though perhaps Terry was guilty of something, he was not guilty of what he was charged with. Accordingly, we reverse the juvenile court's judgment and discharge Terry from further prosecution.
Reversed and appellant discharged.
Hildebrandt, P.J., and Doan J., concur.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.
[2] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[3] R.C. 2923.12(A).
[4] State v. Petit (1969), 20 Ohio App.2d 170, 174,252 N.E.2d 325.
[5] In the Matter of Jason H. (Jan. 14, 2000), 6th Dist. Nos. E-99-003 and E-99-004.
[6] State v. Genavesi (Nov. 20, 1984), 10th Dist. No. 84-AP-74.