**In re WRIGHT.**

[Cite as *In re Wright*, 172 Ohio App.3d 276, 2007-Ohio-2951.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060603.

Decided June 15, 2007.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Michael S. Buschbacher, Hamilton County Public Defender, for appellant.

MARK P. PAINTER, Presiding Judge.

{¶ 1} The juvenile court adjudicated defendant-appellant, Ryan A. Wright, delinquent for carrying a concealed weapon ("CCW") with ammunition ready at hand. CCW is a first-degree misdemeanor, but if the suspect also has ammunition ready at hand, the CCW offense is escalated to a fourth-degree felony. Wright charges that the juvenile court erred in finding that the ammunition was "ready at hand" when he was carrying the weapon but a colleague was carrying the ammunition.[1] Because the ammunition was readily accessible and in proximity (within arm's length) to Wright, we affirm.

{¶ 2} Wright and Antonio Brooks were walking on a Colerain Township sidewalk when Officer Justin Hussel stopped them on suspicion of violating a curfew and for acting strangely. The two were walking so close to each other that their shoulders were touching.

---

1. See R.C. 2923.12(G)(1).

{¶ 3} Hussel approached Brooks and Wright and asked the pair where they were supposed to be and where they were going. As Hussel was approaching, Brooks hid behind a tree and began concealing an unidentifiable object in his pocket. Hussel asked Brooks to approach his cruiser, and then he consensually searched him and found ammunition. On finding the ammunition, Hussel inquired about the location and existence of a weapon. At that time, Wright began to pester Hussel for a ride home.

{¶ 4} Hussel testified that at first, Brooks seemed more suspicious than Wright, but when Wright began to persistently ask Hussel if he could give the two a ride home, he became suspicious of Wright. Hussel brought the duo to his car, and they placed their hands on the trunk of the cruiser. Hussel saw the outline of a gun in Wright's pocket and retrieved the weapon. Both were arrested.

{¶ 5} Wright was carrying a Smith & Wesson .357, and Brooks was carrying the accompanying ammunition. On appeal, Wright argues that there was insufficient evidence to support the ammunition-ready-at-hand conviction because he was not carrying the bullets. Not so.

{¶ 6} A challenge to the sufficiency of the evidence attacks the adequacy of the evidence presented. Whether the evidence is legally sufficient to sustain a conviction is a question of law.[2] The relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proved beyond a reasonable doubt.[3]

{¶ 7} Wright is not arguing that he did not commit a CCW offense. Again, a CCW conviction is a first-degree misdemeanor, but if the offender has ammunition ready at hand, then it is a fourth-degree felony.[4] The thrust of Wright's appeal challenges the escalation from a first-degree misdemeanor to a fourth-degree felony for having ammunition ready at hand.

{¶ 8} Wright first argues that the state failed to show that the ammunition found on Brooks was operable. Wright's argument posits that the ammunition could have been blanks or otherwise defective. Hussel testified that he had not test-fired the ammunition but that (1) he had "shot guns since [he] was ten years old" and had been an officer for three years, (2) the box of ammunition found on Brooks contained 15 live rounds and 35 spent shells, and (3) the

---

2. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; see, also, *In re Terry*, 1st Dist. No. C–050721, 2006-Ohio-4126, 2006 WL 2320783, at ¶ 6.

3. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; see, also, *In re Terry*, supra.

4. See R.C. 2923.12(G)(1).

ammunition was for a .357. We hold that the state presented sufficient evidence in this respect.

{¶ 9} Wright next argues that because Brooks was carrying the ammunition, it was not "ready at hand." Generally, a weapon or ammunition is ready at hand when it is "so near as to be conveniently accessible and within immediate reach."[5] Finding that the ammunition is ready at hand does not require that the ammunition be found on the concealed weapon's carrier. The person carrying the concealed weapon does not have to concurrently be carrying the ammunition on his person to support a conviction for carrying a concealed weapon with ammunition ready at hand. In *State v. Hanks*, the ammunition was held to be ready at hand when the ammunition was in a glove box and the gun was found behind the glove box.[6] In *State v. Grundy*, the court held that ammunition had been ready at hand when the defendant was lying on top of the gun and the ammunition was located in a dresser drawer.[7]

{¶ 10} Wright also argues that he did not have constructive possession of the ammunition because the ammunition was actually possessed by, and under the ultimate control of, Brooks. Under the statute, to "have" a weapon or ammunition means either physical or constructive possession.[8] Wright did not physically possess the ammunition, so the state had to show that he had constructively possessed it.

{¶ 11} "Constructive possession" can be defined as "knowingly exercis[ing] dominion and control over an object, even though the object may not be within [the constructive possessor's] immediate physical possession."[9] And dominion and control may be proved with circumstantial evidence alone.[10]

{¶ 12} Wright and Brooks were walking down the street in concert, touching shoulders, jointly acting suspiciously, and conspiring to hide objects from the officer. They were acting as a common unit and with a clear commonal-

---

5. See *State v. Miller*, 2nd Dist. No. 19589, 2003-Ohio-6239, 2003 WL 22764120, citing *Porello v. State* (1929), 121 Ohio St. 280, 168 N.E. 135.

6. *State v. Hanks* (Oct. 31, 2000), 10th Dist. No. 99 AP–1289, 2000 WL 1617755.

7. *State v. Grundy* (Dec. 9, 1998), 9th Dist. No. 19016, 1998 WL 852844.

8. *State v. Brooks*, 9th Dist. No. 23236, 2007-Ohio-506, 2007 WL 397325, ¶ 23.

9. See id.; see, also, *State v. Hankerson* (1982), 70 Ohio St.2d 87, 24 O.O.3d 155, 434 N.E.2d 1362, syllabus; *State v. Bailey*, 1st Dist. Nos. C–060089 and C–060091, 2007-Ohio-2014, 2007 WL 1226949.

10. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 272, 574 N.E.2d 492.

ity of purpose. And under the ammunition-ready-at-hand statute, we hold that Wright had constructive possession of the ammunition despite Brooks's perceived ability to exercise his physical possession. As we have noted, Wright and Brooks were acting in consort throughout Hussel's brief investigation, and when the record reveals a union between the carrier of the ammunition and the carrier of the weapon, both are criminally liable under the statute.

{¶ 13} Here, the record clearly revealed that Wright and Brooks were acting as a single unit in carrying, hiding, and concealing both the weapon and the ammunition; and under these circumstances, both Brooks and Wright could have been charged with carrying a concealed weapon with ammunition ready at hand. Holding that a carrier could avoid the ammunition-ready-at-hand escalation by simply transferring the ammunition to a consorting crony would frustrate the purpose of the statutory escalation.

{¶ 14} We conclude that the ammunition was ready at hand for Wright, just as the concealed weapon was ready at hand for Brooks; Wright constructively possessed the ammunition and Brooks constructively possessed the gun. The gun matched the bullets; the punishment fit the crime. Accordingly, we affirm the juvenile court's judgment.

Judgment affirmed.

HENDON and CUNNINGHAM, JJ., concur.