THE STATE v. PATRICK SCANLAN, Appellant.

Division Two, June 5, 1925.

1. **CONCEALED WEAPON: On Automobile Seat and Floor: Sufficient Evidence.** About noon defendant and five other men were seen by three police officers to leave a house and enter a seven-passenger automobile. Defendant was seated beside the driver on the right-hand front seat. After the car was stopped and the six men ordered out, three loaded revolvers were found on the front seat between the places where defendant and the driver had been seated. Three of the men had been seated on the rear seat and another on a small folding seat; and on the floor in front of the rear seat three other loaded revolvers were found. No weapon was found on the person of any of the six. Before the automobile was stopped, defendant and the other five were seen going through motions such as usually accompany the act of taking an object out of a pocket. As the six men left the house and ran across the street to enter the automobile, the officers saw them apparently holding their coat pockets. When the officers stopped the automobile and first looked into it they saw no revolvers. The three revolvers on the front seat were within easy reach of defendant, and the three on the floor could have been reached by him. *Held*, that these facts were sufficient evidence to support a verdict of guilty against defendant upon a charge of carrying a deadly weapon concealed about his person.

2. **EVIDENCE: Objection: First Raised on Appeal.** An objection to testimony made for the first time on appeal is not a ground for reversal. An objection to the admission of testimony to be avail-

able in the appellate court must have been made in the trial court. Where defendant objected to certain testimony for a specified reason and the objection was overruled, defendant cannot be heard on appeal to contend that it was incompetent for a wholly different reason.

3. ———: **Attendant Circumstances: Conspiracy.** It is always proper to show the facts and circumstances surrounding and attending the alleged criminal act, as *res gestae.* Where the officer found three loaded revolvers on the front seat of an automobile between the places where defendant and the driver were riding, it is competent, in a prosecution for feloniously carrying concealed weapons, to show that three other revolvers were found by the officer on the floor in front of the rear seat, whether or not a conspiracy is shown between the defendant and the other five men who left a house at the same time and ran across the street to the automobile, which was stopped by officers after the six had entered it.

4. **INSTRUCTION: Circumstantial Evidence: Converse.** The State's instruction in the trial of the defendant upon a charge of carrying concealed weapons did not direct the jury to find defendant not guilty, if they did not find that the facts and circumstances proven were "inconsistent with and unexplainable upon any other reasonable theory than that of defendant's guilt." *Held* that, conceding, without deciding, that defendant was entitled to an instruction which was the converse of the one given upon a subject not involving the main facts in controversy, an instruction, as modified by the court and given for him, telling the jury that if they had a reasonable doubt that he carried the revolver concealed upon or about his person they should acquit him, was a sufficient converse.

5. ———: **Concealed Weapon: Upon His Person.** An instruction which requires the jury to find that defendant carried a deadly weapon concealed "upon" his person is not broader than an indictment charging that he carried it concealed "about" his person, but narrows the issue, since the word "about" in this connection includes more than the word "upon."

6. **CONCEALED WEAPON: Upon or About Person: Evidence of Guilt.** Evidence that defendant and five other men were seen holding their pockets as they hurriedly left a house and crossed the street to an automobile; that after entering the automobile defendant and the others were seen to make motions as if taking something out of their pockets, and that, after the car was stopped, six loaded revolvers hidden from the view of the officers and in easy reach of defendant were found, three of them on the front seat between the places where defendant and the driver had been seated, is evidence

tending to show that defendant was carrying a deadly weapon concealed upon his person before entering the automobile.

Citations to Headnotes: Headnote 1: Weapons, 40 Cyc. p. 861. Headnote 2: Appeal and Error, 4 C. J. secs. 1658, 1659. Headnote 3: Evidence, 22 C. J. sec. 559. Headnote 4: Criminal Law, 17 C. J. sec. 3704. Headnote 5: Criminal Law, 17 C. J. sec. 3729. Headnote 6: Weapons, 40 Cyc. p. 861.

Appeal from St. Louis City Circuit Court.—*Hon. J. W. Calhoun*, Judge.

AFFIRMED.

*Bass & Bass* for appellant.

(1) The motion of the defendant to strike out the answer of the witness, Archey, in response to the suggestion of the trial judge, to-wit, "Describe the movement as well as you can," should have been sustained. It was prejudicial error in not doing so, the answer being, "Well, as soon as they saw us come out in front of them they put their hands in their pockets, like that. I couldn't tell which pocket, but you could see them going through the motion and leaning down as though they were taking something out of their pocket." Sec. 3275, R. S. 1919; Underhill, Crim. Evidence (3 Ed.) sec. 718; State v. Roberts, 201 Mo. 702; State v. Conley, 280 Mo. 21. The objection to the question asked the witness Archey, to-wit, "Did you find, or any other officers find in your presence, any revolvers in the rear seat?" should have been sustained. To establish the issue, the charge of carrying concealed about his person one pistol, it was not necessary to show, nor relevant, nor material, whether other revolvers were found in other parts of the car. (2) The motion made at the close of the State's case, in the nature of a demurrer to the evidence, should have been sustained. The finding of three revolvers on a seat of an automobile where appellant and a companion had just been seated was not of itself sufficient to support the charge against appellant. The evidence was en-

tirely circumstantial and not inconsistent with appellant's innocence. There was no substantial evidence of appellant's guilt. State v. Casey, 247 S. W. 114; State v. Rutledge, 262 S. W. 718. It was error to refuse to give as prayed for by the defendant Instruction 4 on circumstantial evidence. (3) This instruction was the converse of the one given by the court. State v. Majors, 237 S. W. 486; State v. Shields, 296 Mo. 389; State v. Garrett, 276 Mo. 302; State v. Howell, 117 Mo. 344. (4) Instruction 2 given by the court of its own motion is inconsistent with number 1, is inconsistent with itself, is ambiguous and misleading, and is broader than the charge and presents issues not based upon evidence. State v. Rougey, 231 S. W. 611; State v. Smith, 119 Mo. 447; State v. Lehman, 175 Mo. 630; State v. Ross, 267 S. W. 853.

*Robert W. Otto,* Attorney-General, and *Harry L. Thomas,* Special Assistant Attorney-General, for respondent.

(1) The uncontroverted evidence was that the pistols were lying at appellant's side on the seat and on the floor behind him where they could not be seen or observed. This was a sufficient concealment within the meaning of the statute. The term "about the person" as used in the statute, denotes a position approximate to the person, as where a pistol is within easy reach or convenient control. State v. Conley, 280 Mo. 21. (2) The appellant both upon trial and in his motion for a new trial made specific objections to Instruction No. 2, but failed to call the attention of the court to any distinction between the indictment and the statute. The instruction is good as against the objections raised, there being substantial evidence, without objection, upon which to base it. (3) Appellant's Instruction 4 on circumstantial evidence was properly refused, this subject having been correctly covered by the court's Instruction No. 3. While the converse, if requested, must be given to a principal

or general instruction defining the crime and covering all the acts and authorizing a verdict of guilty, it does not appear and this requirement has been extended as to other instructions.  State v. Majors, 237 S. W. 488; State v. Shields, 296 Mo. 389.   (4)  The demurrer was properly refused, there being substantial evidence of appellant's guilt.   Under the statute defining this offense the concealment, though not actually on the person, may be in such close proximity to the accused as to be within his easy reach and convenient control; and upon proof of this fact the offense is made out.  State v. Conley, 280 Mo. 21.

DAVID, E. BLAIR, J.—Defendant was convicted in the Circuit Court of the City of St. Louis of the felony of carrying a concealed weapon.  The jury assessed his punishment at a fine of $250 and imprisonment in jail for sixty days.  From the judgment entered upon the verdict, he has appealed.

Defendant offered no testimony.  The evidence offered by the State consisted of the testimony of three police officers of the city of St. Louis.  Such evidence tended to prove that, at about noon on March 22, 1923, the defendant and five other men were seen by said police officers to leave the home of Edward Hogan at 3035 Cass Avenue in said city and enter a seven-passenger automobile belonging to said Hogan.  The officers, who also had an automobile, stopped the Hogan automobile. One Willie Longo was driving, the defendant was seated beside him on the right-hand front seat.  After the officers succeeded in stopping the automobile and had ordered the six men out on the sidewalk, three loaded revolvers were found upon the front seat between where defendant and Longo had been seated.  Three of said men had been seated in the rear and another on a small folding seat.  On the floor in front of the rear seat three other loaded revolvers were found.  No weapon was found upon the person of defendant or any of the other men.

While the officers were following the Hogan automobile and before they succeeded in driving their own automobile in front of and stopping it, defendant and the other men were seen going through motions such as usually accompany the act of taking an object out of a pocket. As the six men left the Hogan house and ran across the street to enter their automobile, the officers saw them apparently holding their coat pockets.

The officers testified that, when they stopped the automobile and first looked into it, they saw no revolvers. The three revolvers on the front seat were within easy reach of defendant. The testimony was that the three revolvers on the floor could have been reached by defendant, at least if he had turned around in his seat and put his knees upon the cushion.

I. It is urged that the demurrer to the State's evidence should have been sustained. State v. Casey, 247 S. W. (Mo.) 114, and State v. Rutledge, 262 S. W. (Mo.) 718, are cited in support of such contention. The most casual reading of the facts, held in those cases to be insufficient to sustain convictions, will show that they fall far short of the requirement that the facts and circumstances relied upon to establish guilt must be entirely consistent with guilt and inconsistent with any reasonable hypothesis of innocence.

**Demurrer to Evidence.**

The circumstances in this case are quite like those in the cases of State v. Conley, 280 Mo. 21, and State v. Mulconry, 270 S. W. 375. However, in the Conley case defendant was the only one in the wagon and in the Mulconry case the weapon was found on the seat on the right-hand side of defendant who sat at the right-hand side of the driver of the automobile.

The presence of three loaded revolvers, hidden from view upon the seat between defendant and Longo, together with the testimony tending to show that defendant and the other men apparently had revolvers in their pockets when they left the Hogan house and that they

apparently took same from their pockets when the officers attempted to halt their automobile, made a case for the jury to say whether or not defendant carried a deadly weapon concealed about his person, as charged in the indictment.

II. (a) Defendant contends that certain testimony should have been stricken out upon his motion.
Evidence.  Some previous effort had been made to show what defendant and the other men in the automobile did as the officers were heading off their automobile. After the court had stricken out the testimony upon defendant's motion, the trial judge said to the witness, officer Archey, "Describe the movements as well as you can." Archey said, "Well, as soon as they saw us come out in front of them they put their hands in their pockets, like that. I couldn't tell which pocket, but you could see them going through the motion and leaning down as if they were taking something out of their pocket." Counsel asked that said answer be stricken out as a conclusion of the witness and an invasion of the province of the jury. The request was overruled and exception saved. This ruling is assigned as error.

The defendant apparently has abandoned the objections made below. He now urges in his brief only that the answer that "they put their hands in their pockets," etc., should have been stricken out because the defendant alone was charged with the crime and what "they" did is not competent, relevant or material against defendant, as no conspiracy was charged or proven. It is sufficient to say that no such ground was urged against the answer at the time. If such reason had then been urged the trial court might have sustained the motion. The trial court was not called upon to pass upon the objection now urged and cannot be convicted of error here, even though such objection might be regarded a valid one, if it had been presented below.

(b) It is contended that error was committed in respect to the following matter appearing in the testimony of officer Archey:

"Q. Did you find, or any of the other officers in your presence, any revolvers in the rear seat?

"Mr. Bass: I object as immaterial, irrelevant, incompetent, not bearing in any wise upon any matter involved, and not in any wise affecting the defendant here.

"The Court: He may describe the entire situation there. Overrule the objection. . . . A. Yes, sir."

Exceptions were saved.

We think the reason given by the trial court that the entire situation could be described was sound. The fact that three loaded revolvers were found on the floor in front of the rear seat was part of the *res gestae* and could be shown. Of course, defendant could not be held criminally responsible for the acts of his companions, in the absence of proof of a conspiracy; but it is always proper to show the facts and circumstances surrounding and attending the alleged criminal act of a defendant on trial on the theory that such facts constitute part of the *res gestae.*

The general rule is laid down in 22 Corpus Juris, p. 470 sec. 559, that "facts or circumstances attendant upon the main fact in issue may be shown as part of the *res gestae,* although they involve no idea of action." There was no merit in the objection.

(c) Error is assigned as to the following matter which appears in the direct examination of officer Grabbe:

"Q. Were the revolvers loaded? A. Yes, sir.

"Q. Were they concealed from view of the public before you saw them get out of the car?

"Mr. Bass: I object to that. That is a conclusion on the part of the witness, invades the province of the jury. He may state where they were. It is a question of fact for the jury to determine whether they were or not.

"The Court: He may state whether they were visible to him where he was.

"To which action and ruling of the court defendant by his counsel then and there duly excepted and still excepts.

"MR. JOHNSTON: Q. Did you see them before the defendant got out of the car? A. No, sir."

The question objected to was not answered. The answer made was to a question against which no objection was lodged and which was entirely free from the objection lodged against the previous question, even if such objection should be considered as carried over to the last question asked.

The assignments of error in the admission of testimony are overruled.

III. (a) Defendant requested the court to give the following instruction:

"The court instructs the jury that you must disregard all evidence as to the revolvers or pistols testified to by witnesses for the State as having been found in the back part of the automobile mentioned in evidence."

*Instructions.*

The reasons urged to convict the trial court of error in refusing this instruction are the same as those urged against the admissibility of the testimony itself. The assignment is overruled for the reasons above stated.

(b) The court refused to give defendant's requested Instruction No. 4 on circumstantial evidence. It was sufficiently covered by Instruction No. 3 given by the court, unless defendant was entitled to have his instruction given as the converse of number 3, which did not direct the jury to find defendant not guilty, if it did not find that the facts and circumstances proven were "inconsistent with and unexplainable upon any other reasonable theory than that of defendant's guilt."

*Converse: Circumstantial Evidence.*

In State v. Majors, 237 S. W. (Mo.) 486, cited by defendant, the converse instruction held to have been erroneously refused dealt with the duty of the jury to acquit the defendant if it found that he did not fire the fatal shot. The circumstances indicated the possibility that such fatal shot might have been fired by another.

The refused instruction went to the main issue of fact in the case. The same situation existed in State v. Shields, 296 Mo. 389, l. c. 404, also cited by defendant.

Even though defendant was entitled to an instruction which was the converse of one given by the court upon a subject not involving the main facts in controversy (which it is unnecessary for us to decide), defendant's Instruction No. 4, given after being modified by the court, told the jury that, if it had a reasonable doubt that defendant carried the revolver concealed upon or about his person, it should acquit. This was a sufficient converse instruction. The instruction upon circumstantial evidence requested by defendant merely dealt with the effect the jury should give to the circumstantial evidence necessarily considered in determining guilt or innocence under defendant's Instruction No. 4 and the other instructions, and the instruction asked was properly refused.

Instruction No. 4, asked by defendant and refused by the court, is in the same form as one given for defendant, after modification, in State v. Howell, 117 Mo. 307, 326, 344. This court there simply held that the trial court did not err in modifying the instruction requested. It did not hold that the court would have committed error if it had not given an instruction on circumstantial evidence in that particular form.

But defendant contends that Instruction No. 3, given by the court, did not properly declare the law upon circumstantial evidence and relies upon State v. Garrett, 276 Mo. 302, l. c. 310. The instruction in that case was held to be free from the vice of permitting the jury to pile inference upon inference. Defendant there contended that the instruction authorized the jury to draw inferences from certain proven facts and circumstances and from the inference thus drawn to infer guilt. The instruction here criticized does not contain the language which gave rise to the attack upon the instruction in the Garrett case.

(c)   Instruction No. 2, given for the State, is assailed.  It reads as follows:

"The court further instructs the jury that in order to warrant a conviction it is not necessary for the State to prove that the defendant carried a loaded pistol concealed upon his person, but that it is sufficient to show that he carried it concealed about his person; to be carried about his person it must appear that it was so placed as to be within his easy reach and convenient control, and in order to be concealed it must have been so placed as to escape the ordinary observation of persons coming near enough to defendant to see the weapon if carried openly; in other words, if it were so placed that it would require a search to see it then it would be concealed.

"Whether the defendant carried a weapon upon or about his person, and whether it was concealed, are questions for you to determine from all the facts and circumstances shown in evidence.

"If, therefore, you find that the defendant, either before entering the automobile and while crossing Cass Avenue, carried a loaded pistol concealed upon his person, or if after entering the automobile he carried it concealed upon his person, or carried it by placing it upon the front seat or upon the floor of the automobile in a position within easy and convenient reach to him, but so placed as to be concealed from view, in the sense of the word 'concealed' as hereinbefore explained, then the defendant would be guilty of carrying a concealed weapon.

"The court further instructs the jury that if you find that the defendant carried concealed upon or about his person a deadly and dangerous weapon, then you will find him guilty, notwithstanding that you may find and believe that the said weapon was the property of some other person."

In his motion for new trial defendant made the following assignment of error as to said Instruction No. 2:

"Because Instruction No. 2 misdirects the jury as to material matters of law necessary for their information, misstates the law and assumes the existence of facts not in evidence, and further instructs the jury that they may find defendant guilty of carrying a loaded pistol or revolver concealed upon his person before entering the automobile mentioned in evidence and while crossing Cass Avenue, whereas, there is absolutely no evidence upon which to base such instruction."

We must here confine defendant to the criticism of said instruction called to the attention of the trial court in said motion for new trial. It appears that the specific objection then made was that there was no evidence that defendant carried a loaded pistol or revolver concealed upon his person before entering the automobile and while crossing Cass Avenue. The fact that defendant and the other men were seen holding their pockets as they hurried down the steps and crossed the street to the automobile, in connection with the evidence tending to show that defendant and said other men were seen to make motions as if taking something out of their pockets and the finding of loaded revolvers hidden from view and within easy reach of defendant, tended to show that defendant was carrying such weapon concealed upon his person before entering the automobile. The indictment did not limit the charge to what occurred in the automobile.

In addition to the foregoing, defendant here contends that the trial court erred in permitting the jury to find defendant guilty if he carried the deadly weapon concealed *upon* his person, whereas the indictment charged him with carrying it concealed *about* his person. Had the indictment charged defendant with carrying the weapon concealed *upon* his person and had the instruction authorized conviction if defendant carried it *about* his person, there might be some reason for saying that the instruction broadened the issues and authorized conviction for a crime not charged. It needs no argument to demonstrate that anything which is *upon* the person is

*about* the person.  The word "about" includes every-thing included in the word "upon" and, of course, may include much more.  The greater includes the lesser.

IV.  Finding no reversible error in the record, the judgment must be and is affirmed.  All concur.