**STATE of Missouri, Respondent,**

v.

**Michel Anthony BORDEAUX, Appellant.**

No. 47970.

Supreme Court of Missouri,

Division No. 2.

July 11, 1960.

Emanuel Williams, St. Louis, for appellant.

John M. Dalton, Atty. Gen., John C. Baumann, Asst. Atty. Gen., for respondent.

STORCKMAN, Judge.

The defendant was charged by an information filed in the Circuit Court of the City of St. Louis with a previous felony conviction and with the crime of carrying a concealed weapon in violation of Section 564.610 RSMo 1949, V.A.M.S. He waived a trial by jury and upon a trial before the court was found guilty and his punishment assessed at imprisonment in the penitentiary for a term of two years. The court also found that the defendant had been previously convicted of the offense of murder in the second degree and had been sentenced and imprisoned in the Missouri State Penitentiary, but was paroled. Prior to sentencing in the present case, however, the circuit attorney withdrew the charge of prior conviction. The defendant filed a motion for new trial which was heard by the court and overruled. After being granted allocution, the defendant was sen-

tenced in accordance with the judgment and finding of guilty. He has prosecuted his appeal to this court in forma pauperis.

■ The defendant was represented at all times in the circuit court but has filed no brief on appeal. In this situation our review is of the assignments of error properly preserved in the motion for new trial. State v. Lunsford, Mo., 331 S.W.2d 538, 539 [1]. The defendant's motion for new trial deals with two subject matters, all in one paragraph. By liberal construction, the first part of the motion charges that the evidence is insufficient to support the judgment of conviction. This calls for a statement of the evidence.

■ Two members of the St. Louis Metropolitan Police Department were the only witnesses to testify on behalf of the state and were not cross-examined. These police officers, Artis Lowe and Oscar Farmer, were riding together in an automobile at about 10:45 p. m. on June 18, 1959, in the vicinity of Newstead and Easton in the City of St. Louis when the officers first saw the defendant. He was driving a 1951 Chevrolet automobile and almost ran into the officers' car. He then speeded up in front of them and zig-zagged from one side of the street to the other. The officers gave chase and pulled alongside of the defendant's car. They told him they were police officers and to pull over to the curb. The defendant said "O.K." and slowed but, instead of stopping, speeded up and the chase continued. About a half block before the place where the defendant was brought to a stop and arrested, the officers saw him throw from his car onto a park strip a gun which was recovered and identified as the .38 caliber revolver introduced in evidence.

Both officers were in uniform and Patrolman Farmer was driving. He testified that they were in close pursuit at all times and were just a few feet behind the defendant's automobile. The officers could not see the gun in the defendant's possession when they "first pulled him to the curb."

Patrolman Farmer was concentrating on driving, but he saw the defendant take an object from the car and throw it into the parkway, and it appeared at that time to be a gun.

Patrolman Lowe also testified the gun was not in view when they pulled alongside the defendant the first time. He further testified the headlights of their automobile lit up the defendant's whole car during the pursuit and, at the time the defendant threw the gun, the officers were about ten feet behind the defendant's car. Officer Lowe saw the defendant's right hand disappear from the steering wheel and "when he came up again, he had a pistol in his hand." The defendant immediately threw the gun out of the window of his automobile. Lowe fired a warning shot in the air and, as the police car again pulled alongside, the officer fired a shot into the defendant's left rear tire. The tire "went flat" and the defendant stopped. When the defendant was placed under arrest, a button on his shirt was open. Officer Lowe walked back about a half block and picked up the gun. It was a .38 caliber revolver fully loaded. The defendant did not take the stand or offer any evidence.

■ The language of the statute, § 564.-610, is: "If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description, * * * he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding two years, or by fine of not less than one hundred nor more than one thousand dollars, or by imprisonment in the county jail not less than fifty days nor more than one year, or by both such fine and imprisonment; * * *."

Under the evidence the trier of the facts might reasonably find that the weapon was either upon the defendant's person or in the automobile within easy reach. In either event, the phrase of the statute, "upon or about his person", is satisfied. The concealed weapon statute, now § 564.610, is so interpreted in State v. Conley, 280 Mo. 21,

217 S.W. 29[2], wherein this court stated: "Under the statute (section 4496, R.S.1909) defining this offense, the concealment, although not actually on the person, may be in such close proximity to the accused as to be within his easy reach and convenient control; and upon proof of this fact the offense is made out." See also State v. Hogan, Mo., 273 S.W. 1060, 1061[1]; State v. Scanlan, 308 Mo. 683, 273 S.W. 1062, 1063[1]; and State v. Mulconry, Mo., 270 S.W. 375, 377 [4]. The fact that the defendant was able to reach the gun while continuing to drive his automobile shows that wherever it was, it was "upon or about his person" within the meaning of the statute.

◼ Generally, the test of concealment is whether the weapon is so carried as not to be discernible by ordinary observation. State v. Renard, Mo., 273 S.W. 1058[2]; State v. Scanlan, 308 Mo. 683, 273 S.W. 1062, 1063[1]; State v. Mulconry, Mo., 270 S.W. 375, 377[4]; State v. Livesay, 30 Mo.App. 633, 636. This is in accord with the general rule applied in other jurisdictions. 43 A.L.R.2d 492, 510, 512. In the Renard case, because of the darkness, the weapon could not be seen when the arrest was made. The arresting officer by feeling with his hand found a loaded revolver on the floor of the automobile at the defendant's feet. This was held to be a concealment within the meaning of the statute. In the present case, the police officers saw no weapon when they first drew alongside the defendant's automobile. They saw it only after the defendant took his right hand off of the steering wheel, reached down and came up with the revolver, which he immediately threw from the automobile. This was sufficient evidence of concealment to satisfy the statute. The defendant's contention that there was insufficient evidence upon which to base a finding of guilty is denied.

The latter part of the paragraph constituting the motion for new trial asserts "that said conviction was predicated upon a law enacted (the law, the defendant, by counsel has not been able to read for reasons that said law has not been given to the Circuit Clerk's office for sale, although the defendant's counsel has tried to purchase a copy of the law or session act) by the legislator is a violation of the defendant's constitutional rights as to the Federal Constitution and the State Constitution as being Ex-Post-Facto, in that the time of the enactment of the law, if it were, was after the defendant had been convicted and paroled, said law is further a violation of the constitutional rights of the defendant; in that said law being Ex-Post-Facto in nature is cruel and inhuman and is further in violation of the defendant's constitutional rights both Federal and State."

We might speculate that the defendant was intending to refer to § 556.280, as amended Laws 1959, S.B. 117, § 1, but that would be pure speculation and we would have to go further and speculate as to the manner in which such statute was applied to this case and how the defendant was prejudiced by it. This statute is the habitual criminal act as amended. While the indictment charged and the evidence showed a prior felony and a parole from the sentence imposed, the state withdrew the charge of prior conviction before the defendant was sentenced and the entire trial was before the court without a jury.

◼ Supreme Court Rule 27.20 V.A.M. R., provides: "A motion for a new trial shall be in writing and must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." The quoted statement from the motion for new trial does not comply with the criminal rule in any particular and is much too general to preserve anything for appellate review. State v. Reagan, Mo., 328 S.W.2d 26, 30[10].

We have considered all specifications of error properly preserved in the motion for new trial and find them to be without merit. We have also examined the record and entries designated in Rule 28.08 and find them

to be in proper form and free of error. State v. Garrison, Mo., 305 S.W.2d 447, 449. Accordingly the judgment is affirmed.

All concur.