STATE of Missouri, Respondent,

v.

Oscar Lee ALLEN, Appellant.

No. 54051.

Supreme Court of Missouri,
Division No. 1.

June 9, 1969.

———◆———

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

Paul B. Hunker, Jr., St. Louis, for appellant.

HOLMAN, Judge.

Defendant was charged with the offense of stealing property having a value of fifty dollars or more. See §§ 560.156 and 560.-161, subd. 1(2).[1] The information also charged four prior felony convictions under the provisions of § 556.280 which were stipulated by defendant. The jury found defendant guilty of the offense charged and the court fixed his punishment at imprisonment for a period of seven years. Defendant has duly appealed.

The testimony indicated that a locked 1965 Pontiac automobile was left on the Weber Chevrolet Company lot at 5 o'clock on Saturday afternoon, February 3, 1968, when the business closed. The Company had purchased the car on January 19, 1968, for $1,550. On the following Monday morning the car was not there. The defendant was arrested in St. Louis on Tuesday afternoon, February 6, 1968, while in possession of the automobile. Apparently the attention of the officers was first challenged by the license plate which had been reported stolen by defendant's grandfather, Austin Pipps.

Defendant was questioned by the police at the time of his arrest and a short time later at the police station. He stated to the police officers that he had no driver's license and no registration for the car; that the license plate "belonged to his grandfather, Austin Pipps, and that he did not know it was stolen." He further stated that shortly before he was stopped by the police "he had gotten the car from a James Smith, address he didn't know; that James Smith was a casual acquaintance and that he was asked by this Mr. Smith to adjust a voltage regulator on the car, and that he had seen this same Mr. Smith driving this car for approximately six months."

Defendant did not offer any evidence.

During the trial defendant objected several times to statements that the license plate had been stolen. On this appeal the

1. All statutory references are to RSMo 1959, V.A.M.S.

sole point relied on by defendant is that "the trial court erred in refusing to grant defendant a new trial on the grounds that evidence introduced by the State as to a stolen license plate attached to the automobile which the defendant was accused of stealing was not relevant to the charge at hand and that any evidence that the license plate was stolen was evidence of another crime of which the defendant was not charged. The State's constant and persistent questioning concerning the license was repetitious and its cumulative effect was to prejudice and impassion the jury."

In support of his contention defendant has cited State v. Holbert, Mo.Sup., 416 S.W.2d 129, State v. Griffin, Mo.Sup., 336 S:W.2d 364, and State v. Reese, 364 Mo. 1221, 274 S.W.2d 304. These cases state the general rule that ordinarily proof of the commission of separate and distinct crimes is not admissible. But Reese, supra, states the exceptions to the general rule as follows: " 'Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial.' " * * * " 'The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime.' " 274 S.W.2d 1. c. 307.

It is our view that the court did not err in permitting reference to the fact that the license plate had been stolen from defendant's grandfather. In that connection it should be stated that there was no plate on the Pontiac when it was last seen on Weber's lot. Whoever took the car from the lot could not obtain a lawful plate because he did not have title to the car. In order to use the car without obvious detection the guilty person had to steal or otherwise obtain an illegal license plate. When he was arrested in possession of the stolen automobile defendant stated that the license plate belonged to his grandfather. We have concluded that evidence of the fact that it was stolen would have logical relevance in tending to prove that defendant was guilty of stealing the car he was in possession of and to disprove defendant's statement that one James Smith had delivered the car to him. State v. Ballard, Mo.Sup., 394 S.W.2d 336 [7], cited by the State contains statements which tend to support the conclusion we have reached.

The judgment is affirmed.

SEILER and STORCKMAN, JJ., concur.

HENLEY, P. J., not sitting.