**STATE of Missouri, Respondent,**

v.

**Doyle E. WILLIAMS, Appellant.**

**No. KCD 28504.**

Missouri Court of Appeals, Kansas City District.

Nov. 1, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of conviction and five-year sentence upon verdict of jury finding Doyle E. Williams guilty of carrying a concealed weapon. § 564.610, RSMo 1969.

On the afternoon of June 17, 1975, two Kansas City police officers on routine patrol in an unmarked vehicle saw an automobile "run" a traffic signal at 39th and The Paseo. They pursued the vehicle and, using red lights and a siren, pulled it to the curb. The officers approached the vehicle, a Lincoln Continental with three persons in it, later identified as Jerome Wright, the driver, Edward Nimrod, the front seat passen-

ger and owner of the auto, and appellant Doyle E. Williams, a passenger in the rear seat.

When the officers reached the car, Officer Moss on the driver's side asked for the driver's license. His attention was drawn to Williams because he noticed a fur piece which had been in the rear window as they approached was draped over Williams's leg. Officer Bass, on the other side of the auto, asked Williams what was under the fur. Williams raised it and Moss saw the butt of a gun sticking out from under Williams's leg. He ordered Williams from the car, got the gun and placed Williams under arrest for carrying a concealed weapon. The weapon, a loaded .32 caliber handgun, was seized and offered in evidence at Williams's trial.

The other men were ordered out of the car and when Officer Moss went to the passenger side of the Lincoln, he saw the grips of a weapon under the passenger side of the front seat. The weapon, a .22 caliber High Standard nine-shot handgun, fully loaded, was seized and Nimrod placed under arrest for carrying a concealed weapon. Both Williams and Nimrod told the officer that they knew nothing about the weapons.

At Williams's trial, the officer testified to the finding of the weapons and both were introduced in evidence, the one in the front seat over objection of defense counsel.

Williams testified in his own behalf that he was going home after having been looking for a job. He was waiting for a bus when Wright and Nimrod offered him a ride home. He got in the back seat, saw no weapon and knew nothing about the weapon which the officer claimed to have found when the auto was stopped by the police. Nimrod was called as a witness by the defendant. He declined to answer any question about the ownership of the weapons, relying upon the privilege against self-incrimination.

The jury returned a verdict of guilty and fixed the punishment at five years' imprisonment.

On this appeal, three rulings of the trial court on evidentiary matters are attacked as erroneous. One point advanced by appellant is meritorious. The other two relate to matters which need not recur on a new trial, so they will not be dealt with here.

Appellant's meritorious point is based upon the admission into evidence of the weapon found in the front seat of the automobile. He contends that such evidence was "irrelevant, constituted proof of other crimes, was not connected to appellant and was introduced for the sole purpose of inflaming and prejudicing the jury against appellant."

The state correctly points out that this contention is not to be determined by the holding of the case of State v. Holbert, 416 S.W.2d 129 (Mo.1967), relied upon by appellant, where the evidence of the possession by the defendant in a concealed weapon charge of other concealed weapons was held violative of the rule prohibiting evidence of other offenses. Holbert involved evidence of other offenses by the defendant on trial, not the situation here. See State v. Jones, 523 S.W.2d 152, 155[5, 6] (Mo.App.1975).

What is involved here is basically the question of the relevancy of the evidence that Nimrod also possessed a concealed weapon, and more particularly the demonstrative evidence to that effect involving the introduction into evidence and display to the jury of the second weapon.

The state advances no particular ground of relevance of the second weapon. At the trial, the prosecutor offered it on the theory that "the physical evidence found at the scene of the arrest of both of them are (sic) inseparable, actually; and, I feel that it would be prejudicial to the State not to be permitted to show the presence of the other gun." On this appeal the position of the state is stated a bit more precisely as upholding the evidence of the second weapon "as proof of the circumstances of appellant's offense" and of the circumstances surrounding his arrest.

The state relies upon the case of State v. Scanlan, 308 Mo. 683, 273 S.W. 1062 (1925). That case involved a concealed weapon

charge against a defendant riding in the front seat of an automobile. Three weapons were found upon the seat. Over the objection of defense counsel based upon relevancy, the arresting officer was permitted to testify that there were also three revolvers on the floor of the back seat of the automobile in which there were four other passengers. The admission of such evidence was assigned as error on appeal. The Supreme Court held that there was no error in the admission of the evidence of the guns in the rear seat. The court stated (273 S.W. 1064):

"* * * Of course, defendant could not be held criminally responsible for the acts of his companions, in the absence of proof of a conspiracy; but it is always proper to show the facts and circumstances surrounding and attending the alleged criminal act of a defendant on trial on the theory that such facts constitute part of the res gestae."

Insofar as the opinion in that case shows, the weapons in the rear seat were not placed in evidence and the objected to testimony was the single reference to their presence in the automobile. In this case, both officers testified to the finding of both weapons, the second weapon was placed in evidence, along with testimony that it was fully loaded when the officer discovered it, Nimrod was cross-examined about the ownership of the second weapon, and finally its presence was referred to in the prosecutor's closing argument. Thus the fact of the second weapon was kept before the jury throughout the trial and there was not merely an incidental reference to it. See *State v. Walker*, 490 S.W.2d 332 (Mo.App. 1973).

The inherently prejudicial nature of demonstrative evidence of weapons not connected either with the defendant or with the offense for which he is tried has been frequently recognized. Thus, in *State v. Wynne*, 353 Mo. 276, 182 S.W.2d 294 (1944), prejudicial error was found where the state used a weapon as a part of a demonstration and there was no evidence that the defendant had or used a weapon of the type employed in the demonstration. In that case the court observed: "The objection to the introduction of weapons or other demonstrative evidence, especially when not connected with the defendant or his crime, on the ground of unfair prejudice is based on sound psychological and philosophical principles." 182 S.W.2d 300. In *State v. Smith*, 357 Mo. 467, 209 S.W.2d 138 (1948), where the defendant was charged with burglary and stealing, the introduction into evidence of revolvers owned by the defendant and found in his wife's purse at the time of his arrest, sometime after the offense charged, was held reversible error. The court there pointed out that the state in no manner connected the weapons with the offense charged and concluded: "That the introduction in evidence, before this mixed jury, of these lethal weapons, under the circumstances, was erroneous and prejudicial is self-evident." 209 S.W.2d 142.

In *State v. Lindner*, 282 S.W.2d 547 (Mo. 1955), revolvers found inside a store in which the defendant, charged with burglary, was arrested and not belonging to the owner, were held admissible on the burglary charge as evidence of the intent with which the breaking and entering were done. With respect to the weapons themselves as evidence, the court noted (282 S.W.2d 552):

"* * * We are of the opinion that the testimony that the revolvers were found was relevant, under the particular facts of this case, on the question of intent, and that the weapons were sufficiently connected with the defendant and the crime charged to themselves become relevant and to possess some slight probative value as evidence. *State v. Wynne*, 353 Mo. 276, 287, 182 S.W.2d 294, 299[6] [7]; *State v. Miller*, [364] Mo. [320], 261 S.W.2d 103, 106[4]; Cf. *State v. Smith*, supra, 209 S.W.2d 141[7]. We may observe, however, that the prejudice naturally resulting from a display of firearms may often outweigh any relevant value as evidence the weapons themselves might have. The real relevant and material facts relating to the revolvers were that the revolvers were found and where and when they were found. It is difficult to see

**566**

how an examination of those weapons by the jury would materially assist the jurors in determining any issue in the case. *State v. Wynne*, supra, 182 S.W.2d 299[6]."

In this case, the appellant's offense was completed when he had one weapon on or about his person intentionally concealed. The fact that Nimrod in the front seat also had a concealed weapon has no logical connection with the proof of the offense with which appellant was charged. All of the evidence required to prove appellant's offense was possessed by the officers before they turned their attention to Nimrod and found the gun in the front seat. The state did not attempt to limit its proof to those facts and obviously sought the benefit of the evidence pertaining to Nimrod's weapon and persistently drew such evidence to the jury's attention.

Given the absence of any logical connection with the offense charged and the inherently prejudicial nature of the demonstrative evidence of the second weapon, the trial court's overruling the appellant's objection to such evidence was erroneous.

Reversed and remanded.

All concur.