STATE of Missouri, Respondent,

v.

Jeffery MEANS, Appellant.

No. 43160.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 2, 1982.

Stephen C. Banton, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRANDALL, Judge.

Appellant was found guilty by a jury of the Class C felony of burglary second degree, § 569.170, RSMo 1978, and the Class D felony of resisting arrest, § 575.150, RSMo 1978. The jury assessed sentences of one year on each count. Appellant's timely motion for new trial was overruled. The trial court found that appellant was a persistent offender under § 558.016, RSMo 1978, and sentenced him to extended terms of three years on the burglary conviction and a concurrent term of two years for resisting arrest. We affirm.

Appellant first contends that the trial court erred in not directing a verdict of acquittal because there was insufficient evidence to support the conviction of burglary second degree.

In dealing with appellant's first contention, it is necessary to review the evidence. In testing the sufficiency of the evidence, facts and appropriate inferences intelligently drawn therefrom must be assessed in the light most favorable to the State and all adverse inferences and evidence disregarded. Review is limited to whether the evidence is sufficient to build a submissible case and whether there is sufficient evidence from which reasonable individuals

could conclude appellant to be guilty. *State v. Moon*, 602 S.W.2d 828, 831 (Mo. App.1980).

Viewed by this standard, the evidence was that 5502 Lillian consisted of four apartments on the top floor and a store on the bottom floor. On the evening of February 20, 1980, sometime between 8:30 and 9:30 p. m.[1] a glass pane located by the lock on the entry door of the building was broken. The police received a call for prowlers at 12:33 a. m. and went to the building where they found broken glass and a broken pane in the entry door. After interviewing witnesses they returned to their car and went to 5276 Beacon to interview the owner of the Lillian address. They later received a second call for 5502 Lillian and upon returning to the building, noticed two men in the hallway of the apartment area. When they reached the hallway they went to a common bathroom in the hallway, pushed the door open and found appellant and his co-defendant standing in the bathroom. In the process of the arrest appellant pushed one of the officers causing him to fall into the other officer whose gun discharged into the leg of the first officer.

A tire iron was seized by the police from behind the bathroom radiator and a pair of brown gloves were found behind the bathtub or toilet. The owner of the building testified that the tire iron and gloves were not in the bathroom earlier that evening. Three of the four tenants of the building testified that they did not own the items. One tenant testified that he saw one of the two men with a tire iron as they jumped the fence toward the apartment building. Gouge marks were observed on the door of one of the apartments and a police officer was able to place the tire iron into the gouge marks on that door.

Glass samples were taken from the broken glass pane on the entry door and from the rear pocket of the co-defendant. The samples were analyzed by a criminalist who testified that it was likely that both samples came from the same source.

1. The evidence was conflicting but most witnesses stated that it was after 8:30 or before

Appellant's evidence was that he and his co-defendant went to the building to visit a friend, entered through an open door and were subsequently arrested by the police.

▪ The evidence against appellant on the burglary charge, albeit circumstantial, was legally sufficient to uphold his conviction. When the State's case is based on circumstantial evidence, the facts and circumstances relied upon to establish guilt must be consistent with each other and with the hypothesis of defendant's guilt. The facts and circumstances must also be inconsistent with and exclude every reasonable hypothesis of defendant's innocence. But the circumstances need not be absolutely conclusive of guilt or demonstrate impossibility of innocence and the mere existence of other possible hypotheses is not enough to remove the case from the jury. *State v. Puckett*, 611 S.W.2d 242, 244 (Mo.App.1980).

▪ While the mere presence of an accused at the scene of a crime will not sustain a conviction, presence may be considered along with other incriminating evidence to determine if the total circumstances raise a reasonable inference that the accused was a participant in the offense charged. *State v. Chase*, 444 S.W.2d 398, 403 (Mo.banc 1969). In this case the jury could reasonably infer beyond a reasonable doubt that appellant and his co-defendant had broken into the building by using the tire iron to break out a pane of glass in the entry door. They had then gone to one of the apartments and attempted to pry that door open when they became aware of police officers. They then hid in the common bathroom in the hallway where they were discovered and arrested by the police officers. The time lapse between the breaking of the glass pane in the entry door and the arrest of appellant is not sufficient to negate appellant's guilt.

▪ It was within the jury's province to weigh the testimony of all witnesses. A

9:30.

jury may believe or disbelieve all, part, or none of the testimony of any witnesses including the testimony of the defendant. *State v. Easton*, 577 S.W.2d 953, 958 (Mo. App.), *cert. denied*, 444 U.S. 863, 100 S.Ct. 131, 62 L.Ed.2d 85 (1979). The evidence presented by appellant was obviously disbelieved. The evidence presented by the State was sufficient to convict appellant of burglary second degree.

■ Appellant's second contention is that the trial court erred in admitting the tire iron and gloves into evidence because of a lack of connection between those items and the appellant. Testimony concerning any physical object connected with a crime which tends to show the manner in which the crime may have been committed is admissible, particularly when found near the scene of the crime subsequent to its commission. *State v. Rains*, 537 S.W.2d 219, 225 (Mo.App.1976); *State v. Neal*, 591 S.W.2d 178, 180 (Mo.App.1979). This is true even though the evidence may not be otherwise connected with the accused. *State v. Rains, supra.*

Appellant argues that *State v. Williams*, 543 S.W.2d 563 (Mo.App.1976) prohibits the admission into evidence of the tire iron and gloves. In *Williams* the defendant was convicted of carrying a concealed weapon. The evidence was that a concealed weapon was found in defendant's possession in the rear seat of an automobile. The trial court also admitted a gun into evidence found under the seat of the passenger in the front seat. The case was reversed because the possession of a concealed weapon by someone other than the defendant had no logical connection with the proof of the offense with which defendant was charged and therefore was not relevant.

In the instant case the tire iron and gloves were clearly relevant to show how the burglary may have been committed. The evidence showed that the tire iron may have been used in an attempt to pry open a tenant's door. The possible use of the gloves is obvious. The trial court properly admitted the tire iron and gloves into evi-

dence. Appellant's second contention is without merit.

Appellant's third contention is that the trial court erred in permitting a criminalist[2] to testify as an expert witness in the comparison of glass samples.

■ Whether expert opinions should be permitted on a particular subject and whether a particular witness qualifies as an expert on that subject are questions ordinarily to be determined by the trial court in its sound discretion. *State v. Perryman*, 520 S.W.2d 126, 130 (Mo.App.1975). An extended review of the expert's qualifications and the methods utilized in her analysis is unnecessary. She was properly qualified to testify as an expert on the subject of glass comparisons. The jury could consider her qualifications in deciding how much weight to give her testimony. *State v. Myers*, 588 S.W.2d 747, 749 (Mo.App.1979). Appellant's objections go to the weight to be given to her testimony rather than its admissibility.

■ Appellant argues that the State should have first shown that the instruments used by the criminalist were working properly before testimony concerning a comparison of the two samples was permitted, citing *City of St. Louis v. Boecker*, 370 S.W.2d 731 (Mo.App.1963).

The situation here is wholly dissimilar to that which exists in radar cases. Speedmeters must be checked for accuracy each time they are set up for use since proper functioning is easily affected by movement. *Boecker, supra* at 736. *See also State v. Johnson*, 539 S.W.2d 493 (Mo.App.1976), *cert. denied*, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977), where the dissimilarity between neutron activation analysis and radar speedmeters was noted in striking down an identical argument. We also note that in a radar case the officer can only testify to what speed the meter indicates and in the situation at hand, the criminalist uses her own knowledge of science in determining what elements are present in the glass.

**2.** One who analyzes physical evidence in a police laboratory.

Appellant's remaining contentions were either not preserved by objection during the trial or were not preserved in appellant's motion for new trial. We have, however, reviewed those contentions and found them to be without merit.

The judgment of the trial court is affirmed.

STEWART, P. J., and STEPHAN, J., concur.