STATE of Missouri, Respondent,

v.

Edward Lee RIEFLE, Appellant.

No. 50272.

Missouri Court of Appeals,
Eastern District,
Division Six.

May 20, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
July 1, 1986.

Application to Transfer Denied
Sept. 16, 1986.

G. Richard Fox, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Edward L. Riefle guilty of receiving stolen property. The trial court sentenced defendant as a prior offender to four years in prison and he has appealed. We reverse.

■ By defendant's first point he contends the court plainly erred in allowing the State to show by its witness Donald Fisher that defendant had first offered to get the stolen weapons from Fisher in exchange for narcotics. When Fisher declined defendant and a companion paid Fisher $200 for the weapons. The trial court had denied defense counsel's motion to exclude testimony about the defendant's offer to trade drugs for weapons, ruling "its apparently part of the same transaction."

No error here. Defendant's cited case of *State v. Wright,* 582 S.W.2d 275[1] (Mo. banc 1979) excludes evidence of other *unrelated* offenses. For a full discussion of other crimes being admissible see *State v. Holbert,* 416 S.W.2d 129 [2–6] (Mo.Sup.

1967). The court there upheld admitting evidence of another crime which, as here, shows two crimes so related that proof of one tends to establish the other.

■ The critical issue here concerns testimony of police officer Ray Pappish saying defendant led him to a storage locker at another location where defendant surrendered stolen weapons he was later charged herein with having possessed.

Here defendant contends: The trial court erred in denying his motion to suppress the seized weapons because the State's seizure was at a different location to which defendant had led the police under duress. The State responds: The defendant voluntarily consented to the search. Further, that defendant has failed to preserve his point for review. We first deal with this latter subpoint.

Defendant first challenged the State's evidence of the search in his pre-trial motion to suppress; the trial court denied it. The record before us is blank as to the point having been raised again at trial. However, defendant raised it in his motion for new trial. In view of defendant's having squarely challenged the search both before and after trial we believe justice warrants our denial of the State's contention the point is not preserved for review. We treat defendant's challenge as plain error, specifically authorized by V.A.M.R. 29.12(b) and 30.20.

■ We return to the principle issue of whether the trial court should have suppressed the State's evidence of the stolen weapons found at the storage locker not mentioned in the State's search warrant. Defendant contends that search was without warrant or consent and induced by concern for his family's safety. Unchallenged evidence on this: About mid-night ten police officers surrounded and by breaking down front and rear doors entered defendant's home. They displayed deadly weapons which they holstered only after they had handcuffed defendant and others and secluded all seven occupants in a locked room. This while police conducted a fruitless three-hour room-by-room search for the named weapons. After an hour or so defendant told two officers he was nervous and scared for his family and would take them to a public storage locker. They went and there defendant gave up the guns defendant had bought from two thieves. Over objection the weapons became exhibits at defendant's trial.

We must condemn the admission of evidence about defendant surrendering the previously stolen weapons. The issue was ruled in *State v. Reese*, 625 S.W.2d 130, l.c. 132 (Mo. banc 1981) quoting from our opinion in *State v. Berry*, 526 S.W.2d 92 (Mo. App.1975):

"The ban of the Fourth Amendment against unreasonable searches and seizures applies to the State through the due process clause of the Fourteenth Amendment. *State v. Witherspoon*, 460 S.W.2d 281, 283 (Mo.1970), but a search may be made without a warrant under one of the few, specific well-recognized exceptions to the ban. *State v. Rush*, 497 S.W.2d 213, 215 (Mo.App.1973). A search conducted pursuant to a valid consent is constitutionally permitted and is 'wholly valid.' *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 2045, 36 L.Ed.2d 854 (1973). In relying upon consent to justify the lawfulness of a search, the state has the burden of proving that the consent was, in fact, 'freely and voluntarily given.' *Schneckloth, supra*, 93 S.Ct. 2041, 2045.

"Whether a consent to search was in fact voluntary or was the product of duress or coercion, express or implied, is to be determined from the 'totality of all the surrounding circumstances.' ...

"In determining whether there is a voluntary consent to search, the court may consider such factors as the number of officers present, the degree to which they emphasized their authority, whether weapons were displayed, whether the person was already in police custody, whether there was any fraud on the part of the officers, the acts and statements of the consenter, and other matters com-

prising 'the totality of the circumstances.' "

To the same effect see *State v. DuBose*, 617 S.W.2d 509 [10–13] (Mo.App.1981).

Reversed.

PUDLOWSKI, P.J., and DOWD, J., concur.